**SERVICE ARMS COMPANY, an Oklahoma Corporation and James Edward Young, Plaintiffs,**

v.

**UNITED STATES TREASURY DEPT., ALCOHOL, TOBACCO AND FIREARMS, et al., Defendants.**

Civ. No. 75–0225–D.

United States District Court, W. D. Oklahoma.

Oct. 9, 1975.

J. Hugh Herndon, Midwest City, Okl., for plaintiffs.

William R. Burkett, U. S. Atty., by O. B. Johnston, III, Asst. U. S. Atty., Oklahoma City. Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

Plaintiff Service Arms Company (Service Arms) is a corporation engaged in the business of selling new and used firearms. Plaintiff James Edward Young (Young) is an officer of Service Arms. It is alleged in the Complaint that Plaintiffs are holders of a Federal firearms license.[1] Plaintiffs have brought this action based on purported violations of their civil rights against an entity designated as United States Treasury Dept., Alcohol, Tobacco, and Firearms,[2] and two individuals, one of whom is identified in the Complaint as an agent of the A.T.F. Bureau and the other is not identified. Plaintiffs allege jurisdiction exists pursuant to 28 U.S.C. § 1343. They further allege they are entitled to relief for the purported civil rights violations pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, and for deprivation of rights secured by the Fourteenth

---

1. Such licenses are issued pursuant to Chapter 44, Title 18 U.S.C.

2. It appears that Plaintiffs have attempted to bring this action against the Bureau of Alcohol, Tobacco and Firearms of the United States Treasury Department, hereafter designated as A.T.F. Bureau.

**4**

Amendment to the United States Constitution. Plaintiffs seek injunctive relief and money damages.

Defendants have filed a Motion to Dismiss or, In the Alternative, for Summary Judgment. Same is accompanied by a Brief. Plaintiffs have filed a Responsive Brief opposing said Motion. The affidavits of the two individual Defendants,[3] which state that they were at all times acting within their official capacities with the A.T.F. Bureau in connection with all matters complained of in Plaintiffs' Complaint and also an affidavit of their supervisor to the same effect, have been presented in support of the joint Motion. The content of said Affidavits have not been countered by Plaintiffs.

The Motion to Dismiss is based on an assertion that the Plaintiffs have failed to establish a proper jurisdictional basis for their claim. The jurisdictional basis stated is 28 U.S.C. § 1343 which provides Federal Courts shall have jurisdiction of actions based on conspiracies to violate civil rights as mentioned in 42 U.S.C. § 1985 and for redress of other civil rights or constitutional deprivations. The Defendants' contention in support of the alleged jurisdictional defect is that none of the alleged civil rights laws violations or the constitutional claim under the Fourteenth Amendment authorize a suit against the United States or its agents. They rely on the doctrine of sovereign immunity. Plaintiffs in their Response make the unsupported allegation that the acts complained of are beyond the scope of the Defendant's employment. They make no reference to the A.T.F. Bureau and it appears such allegation only goes to the individual Defendants.

■ The Bureau of Alcohol, Tobacco and Firearms of the United States Treasury Department is an agency of the United States and can only be sued upon its consent which has not been given in the instant

case. *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Cotter Corporation v. Seaborg,* 370 F.2d 686 (Tenth Cir. 1966). 28 U.S.C. § 1343 does not constitute a waiver of the defense of sovereign immunity. *Beale v. Blount,* 461 F.2d 1133 (Fifth Cir. 1972). The action should therefore be dismissed as to said Defendant.

■ Although the Motion to Dismiss which is asserted on behalf of the individual Defendants is said to be based on lack of jurisdiction under 28 U.S.C. § 1343, it is necessary to determine if a substantive claim is stated under 42 U.S.C. §§ 1983 and 1985 or the Fourteenth Amendment. The contention that 42 U.S.C. § 1983 only applies to acts taken under color or State law and thus would not apply to acts of federal agents is well taken and the Court determines such statute does not apply to acts of Federal agents. The Complaint fails to allege the individual Defendants were acting under color of State law which is an essential element to a § 1983 violation. *Adickes v. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). It thus fails to state a claim under 42 U.S.C. § 1983. Jurisdiction cannot lie from the alleged violation of said Statute. The allegations in the Complaint relating to an alleged violation of 42 U.S.C. § 1985 only relate to an alleged act on the part of Defendant Deavers and makes no allegation as to the existence of a conspiracy of any kind. The existence of a conspiracy is a necessary element in an alleged 42 U.S.C. § 1985 violation. *Postel v. Franklin County Water District,* 470 F.2d 189 (Fifth Cir. 1972); *Smith v. Ross,* 482 F.2d 33 (Sixth Cir. 1973). A claim is not stated under 42 U.S.C. § 1985 and thus jurisdiction is not established pursuant to an alleged violation of same.

■ It must be determined whether the Complaint states a claim for violation of any right, privilege, or immunity secured by the Constitution of the United States which

---

**3.** Plaintiffs designated as a Defendant Dan W. Tate. Said individual has not been served in this action. One of the affiants is Jerry W. Tate who is an A.T.F. Bureau agent who joins in the instant Motion stating he was referred to in the Complaint as Dan W. Tate. The Court must presume the correct Defendant is Jerry W. Tate.

would confer jurisdiction on this Court pursuant to 28 U.S.C. § 1343(3). The allegations relating to the alleged Fourteenth Amendment violation is that Defendants have attempted to obtain false and inaccurate statements against Plaintiffs. The Complaint fails to state what provision of the Fourteenth Amendment has been abridged by the alleged wrongful acts of Defendants. It would appear Plaintiffs are attempting to allege violations of the due process provisions of the Fourteenth Amendment. Said provision states:

" * * * nor shall any State deprive any person of life, liberty, or property, without due process of law; * * * "

The Fourteenth Amendment protects an individual against *state action,* not against wrongs done by *individuals.* United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). In the instant case, the Complaint contains no allegations that the individual Defendants were acting pursuant to state law and thus it fails to state a claim for a violation of the Fourteenth Amendment. It follows that jurisdiction dies not lie under 28 U.S.C. § 1343(3).

The Complaint fails to state a substantive claim against the individual Defendants pursuant to the Civil Rights Act asserted or the alleged constitutional deprivation asserted. There is no basis for the jurisdiction alleged under 28 U.S.C. § 1343 and thus the Complaint should be dismissed as to the individual Defendants for lack of subject matter jurisdiction. It is unnecessary for the Court to consider the alternative Motion for Summary Judgment.