Thomas F. STOCKHEIMER, Plaintiff,

v.

Steven C. UNDERWOOD et
al., Defendants.

Civ. A. No. 74–C–384.

United States District Court,
W. D. Wisconsin.

March 15, 1977.

Thomas F. Stockheimer, pro se.

David C. Mebane, U. S. Atty., Madison, Wis., for defendants Steven C. Underwood, John R. Byrnes, and James Mattison.

James E. Doyle, pro se.

Earl Munson, Jr., Madison, Wis., for defendant Irvin Kreisman.

Steven J. Caulum, Madison, Wis., for defendant E. W. Heller.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a civil rights action in which the plaintiff, Thomas F. Stockheimer, alleges that the defendants conspired to deprive him of his constitutional rights in violation of 42 U.S.C. §§ 1983, 1985, and 1986. The plaintiff seeks $100,000 compensatory and $300,000 punitive damages from the defendants. The named defendants are Steven C. Underwood and John R. Byrnes, Assistant United States Attorneys; the Honorable James E. Doyle, United States District Judge; James Mattison, an inspector with the Internal Revenue Service; Irvin Kreisman, a newspaper reporter; and E. W. Heller, a newspaper editor. Jurisdiction is alleged under 28 U.S.C. §§ 1343(1), (2), (3), and (4).

The matter is before the court on the defendant Doyle's motion to dismiss the action for lack of subject matter jurisdiction, lack of jurisdiction over the person, and failure to state a claim; and upon the motion of defendants Underwood, Byrnes, and Mattison to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim, and, in the alternative, for summary judgment. For the following reasons, the Court will grant the defendants' motions to dismiss.

Essentially, the plaintiff alleges that by their actions, the defendants have deprived and conspired to deprive him of his rights to a clear reputation and have interfered with his right of assembly. Plaintiff's complaint centers on the events reported in newspaper accounts relating to the investigation and proceedings surrounding the "Posse Comitatus," as those events are reported in three exhibits attached to the complaint. The first exhibit contains two articles written by the defendant Kreisman, a reporter for the Capitol Times, Madison, and an editorial from the Capitol Times; the second exhibit contains three articles from the Marshfield News-Herald, a Marshfield, Wisconsin, newspaper, of which the defendant Heller is editor; and the third contains an article from what appears to be the Milwaukee Journal and a news ticker story from the "Badger State News Digest." The articles report various activities and investigations and court proceedings concerning the "Posse Comitatus," a law and order group in Northern Wisconsin allegedly headed by the plaintiff. In particular, the complaint relates to plaintiff's objections to the defendants' handling and reporting of the grand jury proceedings and a related immunity hearing.

The defendants Doyle, Underwood, Byrnes, and Mattison are all federal officers, not state or local officers. It is well settled that 42 U.S.C. § 1983 applies only to individuals acting under state, as opposed to federal, law. See *Norton v.*

*McShane*, 332 F.2d 855 (5th Cir. 1964), cert. denied 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1964). Furthermore, neither 42 U.S.C. § 1985 or § 1986 provides a cause of action against a federal official acting under color of federal law. *Williams v. Halperin*, 360 F.Supp. 554 (S.D.N.Y.1973); *Bethea v. Reid*, 445 F.2d 1163 (3d Cir. 1971), cert. denied 404 U.S. 1061, 92 S.Ct. 747, 30 L.Ed.2d 749 (1971). Therefore, plaintiff cannot successfully invoke jurisdiction under 28 U.S.C. § 1343, the jurisdictional counterpart of 42 U.S.C. §§ 1983, 1985, and 1986. In the complaint, the plaintiff makes the conclusional allegation that the federal defendants were acting under color of state law and beyond the scope of their official duties. (See paragraphs 17 and 23.) The Seventh Circuit Court of Appeals instructs that the court need accept only well-pleaded facts as true, and need not accept legal conclusions that may be alleged or drawn from the pleaded facts. *City of Milwaukee v. Saxbe*, 546 F.2d 693 (7th Cir., decided Nov. 12, 1976). Accordingly, this court does not accept as true the plaintiff's conclusional allegation that the various federal defendants were acting under color of state law where the only other pertinent facts alleged identify the defendants Doyle, Underwood, Byrnes, and Mattison as federal officers.

As this is a pro se complaint, the Court will examine the possibility that the plaintiff has alleged facts sufficient to support jurisdiction under 28 U.S.C. § 1331 as a civil action arising under the Constitution of the United States and involving a matter in controversy which exceeds the sum of $10,000. The general rule as to dismissal for lack of subject matter jurisdiction under 28 U.S.C. § 1331 is that such jurisdiction is not defeated by the possibility that the allegations may fail to state a cause of action. *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 99 L.Ed. 939 (1946). With some reluctance, but giving due consideration to the fact that the plaintiff has proceeded pro se, this Court will liberally construe plaintiff's allegations of interference with his right of assembly and entitlement to a fair reputation in the community as facially asserting rights of privacy and assembly sufficient to support jurisdiction under 28 U.S.C. § 1331.

However, assuming jurisdiction exists under 28 U.S.C. § 1331 and treating plaintiff's allegations as true for purposes of this motion, the plaintiff has failed to state a claim. The germinal case in the area of civil rights damage suits against federal officers for deprivation of constitutional rights is *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* involved a damage suit based on the Fourth Amendment and brought against federal agents. In civil rights cases, the courts have generally applied the same standard to *Bivens* type cases brought against federal officers as to suits brought against state officers under 42 U.S.C. § 1983. See *Brubaker v. King*, 505 F.2d 534 (7th Cir. 1974). Even assuming that claims brought under 28 U.S.C. § 1331 under the *Bivens* doctrine are coextensive with those permitted under 42 U.S.C. § 1983, plaintiff has failed to state a claim upon which relief may be granted.

The only federal constitutional rights conceivably within the scope of this complaint are the rights of privacy and assembly. Although the Supreme Court has shown solicitude toward protection from governmental interference with marital and personal privacy, see *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); *Eisenstadt v. Baird*, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972); and *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), the Court has recently held that reputation alone is not a constitutionally protected interest. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Recognizing the importance of the First Amendment right of free speech and free press, news articles have been held to offend no constitutionally protected privacy interest. *Rosenberg v. Martin*, 478 F.2d 520 (2d Cir. 1973), cert. denied 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1974); *Baker v. Howard*, 419 F.2d 376 (9th Cir. 1969). Nor does a liberal reading of the complaint support a claim of interfer-

ence or conspiracy to interfere with plaintiff's rights of assembly. There is no allegation that any of the defendants interfered with the assembly of the plaintiff and his organization in such a way as to abridge any fundamental constitutional guarantees. As plaintiff has failed to allege any deprivation of a federal constitutional right, his complaint fails to state a claim.

 Even assuming the existence of subject matter jurisdiction, and the statement of a claim under 28 U.S.C. § 1331, the Court finds that the federal defendants Doyle, Underwood, and Byrnes are immune to suits of this nature. Plaintiff alleges that the defendant Doyle allowed his name to be used in the various newspaper accounts appended to the complaint and performed the various acts reported therein—specifically, that Judge Doyle instructed a grand jury, entered a plea on behalf of the plaintiff herein, and granted immunity to a government witness. As the defendant Doyle was acting within the scope of his official duties, he is immune from suit. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Skolnick v. Campbell*, 454 F.2d 531 (7th Cir. 1971). Having particularized the acts or omissions attributed to the defendant Doyle, plaintiff cannot escape the effect of the doctrine of judicial immunity by adding, as he has, a generalized and conclusional allegation that defendant Doyle acted outside the perimeters of his lawful duties. *City of Milwaukee v. Saxbe*, 546 F.2d 693 (7th Cir., decided Nov. 12, 1976).

As to Underwood and Byrnes, they are also immune from suits of this nature under the doctrine of official immunity. They have absolute immunity as United States Attorneys from actions of this type. See *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

IT IS THEREFORE ORDERED that the motions of the defendants Doyle, Underwood, Byrnes, and Mattison to dismiss this action be and they hereby are granted.

IT IS FURTHER ORDERED that upon the Court's own motion, pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, this action be and it hereby is dismissed as to the remaining defendants Kreisman and Heller, as those defendants were not alleged to have acted under color of state or federal law.