**Thomas Franklin PORTER, Plaintiff,**

v.

**Trent WINDHAM, Jim Brown, Charles McMurry and Tommy C. Martin, Defendants.**

**No. CIV–81–733–D.**

United States District Court, W.D. Oklahoma.

June 4, 1981.

Thomas Franklin Porter, pro se.

ORDER

DAUGHERTY, District Judge.

Plaintiff, presently incarcerated at the United States Penitentiary, Leavenworth, Kansas, has been permitted to file his *pro se* complaint herein, *in forma pauperis.* He asserts that his complaint is filed pursuant to 42 U.S.C. § 1983, and that the jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1343(3). Each of the defendants, however, is employed by the Bureau of Prisons at the Federal Correctional Institution, El Reno, Oklahoma. Plaintiff's complaint does not allege that the named defendants, or any of them, were acting pursuant to state law, and it does not appear that any such allegation could be made in the circumstances. The statutes under which plaintiff has asserted his claim for relief herein do not encompass actions against federal officers or agents acting under color of federal law. *Stockheimer v. Underwood,* 428 F.Supp. 192 (W.D.Wis.1977); *Service Arms Co. v. U.S. Treasury Dept., Alcohol, Tobacco & Firearms,* 416 F.Supp. 2 (W.D.Okl.1975).

In his complaint, plaintiff asserts that he submitted a Form BP–9 seeking administrative resolution of his complaint, which was denied; that he filed an appeal to the Regional Director on Form BP–10; and that he submitted a formal complaint under the federal Tort Claims Act. Copies of his BP–9 and BP–10 forms are not attached to his complaint and there is no allegation that he completed the administrative appellate process by filing a national appeal on Form BP–11. He attaches to his complaint the response to his filing under the federal Tort Claims Act, in which the Regional Director states that there was no evidence of negligence on the part of any government employee and therefore denied liability.

Plaintiff's complaint herein, and apparently in his federal Tort Claims Act filing as well, is that he has suffered a recurrence of a previously treated, and assertedly "incurable," foot fungus, which had previously been treated in the Texas Department of Corrections in 1978. He asserts that he was assigned to food service duty at the Federal Correctional Institution, El Reno, Oklahoma, and that for three days after entering on such duty, he was not provided with safety shoes, which were apparently required. The response to his federal Tort Claims Act complaint indicates that the

failure to provide him with safety shoes was due to the fact that the clothing room was temporarily out of the appropriate size. The response further indicates that plaintiff suffered no injury whatsoever during the period when he was without safety shoes.

In *Brice v. Day,* 604 F.2d 664 (10th Cir.1979), *cert. denied,* 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980), the Court of Appeals reiterated its frequently stated requirement that federal prisoners must go through the existing administrative machinery for investigation and resolution of their complaints before resorting to the courts. *Marchesani v. McCune,* 531 F.2d 459 (10th Cir.1976); *Rivera v. Toft,* 477 F.2d 534 (10th Cir.1973). The application of this doctrine has provided solutions to problems, has reduced the intrusion by the courts into the administration of prisons and has provided some fact-finding, so that when or if the matter reaches the judiciary, the court will have some starting place and be in a position, *inter alia,* to determine preliminary issues such as jurisdiction and frivolity, and to sort out ordinary tort claims from those having constitutional implications. Such is particularly helpful and appropriate, as here, where plaintiff is proceeding *pro se.* As stated above, plaintiff has not alleged that he has availed himself of the final appellate administrative remedy which was available to him.

Defendants are a case manager, a unit manager, a counselor and the warden of the Federal Correctional Institution, El Reno, Oklahoma, where plaintiff was incarcerated prior to being transferred to Leavenworth. Plaintiff asserts that the recurrence of his foot fungus, as a result of the "neglect" of defendants, violated his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution. In *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), the United States Supreme Court provided a detailed analysis of the constitutional implications of failure or refusal of medical treatment. In that case, the court stated:

" ... [I]n the medical context an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' [*Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859] or to be 'repugnant to the conscience of mankind.' Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment."

Plaintiff's *pro se* complaint has been liberally construed in accordance with *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and although he has incorrectly asserted a claim under 42 U.S.C. § 1983, his complaint will be treated as a *Bivens*-type action, referring to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), under 28 U.S.C. § 1331. It is noted in *Brice v. Day, supra,* that a person seeking to recover damages under *Bivens* must first assert a constitutionally protected right which has been violated and must have no effective means other than the judiciary to enforce that right, citing *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). Plaintiff's complaint herein meets neither of those criteria. His unsupported assertion of neglect, even if accepted, would not support an Eighth Amendment claim under *Estelle v. Gamble, supra,* and he has not alleged that he has employed all available avenues of administrative review of his complaint.

Even though plaintiff has been granted leave to proceed *in forma pauperis,* as here, it is entirely proper to dismiss an action at any time the court is satisfied that it is frivolous or malicious. *Duhart v. Carl-*

*son,* 469 F.2d 471 (10th Cir.1972), *cert. denied,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692. The test for determining frivolity is whether plaintiff can make a rational argument on the law or facts in support of his claim. *Bennett v. Passic,* 545 F.2d 1260 (10th Cir.1976). Under that test, plaintiff's complaint herein is clearly frivolous.

In view of the foregoing, plaintiff's complaint herein should be dismissed, for failure to exhaust administrative remedies available to him and, further, as frivolous pursuant to 28 U.S.C. § 1915(d).

IT IS SO ORDERED.