GRAY MOVING AND STORAGE, INC.,
and David R. Gray, II, Plaintiffs,

v.

Richard FICHBACK, Nick Tolve, and the
General Services Administration,
Defendants.

Civ. A. No. 81–K–173.

United States District Court,
D. Colorado.

June 21, 1981.

William C. Wildberger, II, Eugene S. Burk, Cogswell & Wehrle, Denver, Colo., for plaintiffs.

Roland J. Brumbaugh, Asst. U. S. Atty., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

Plaintiffs allege that defendants removed Gray from the list of carriers approved to move household goods at government expense because of complaints about Gray's service without ever giving Gray the opportunity to respond to the complaints. Plaintiffs allege that such conduct violates the Civil Rights Act, 42 U.S.C. § 1985(3), and that this court thus has jurisdiction pursuant to 28 U.S.C. § 1343. The complaint also adds several common law claims and asks this court to take pendent jurisdiction over them. Plaintiffs seek injunctive relief and damages.

Defendants move to dismiss the complaint, and, alternatively, for summary judgment. I find that I am without jurisdiction over the damage claims because plaintiffs have failed to exhaust their administrative remedies. I find further that plaintiffs have failed to state a claim under the Civil Rights Act, 42 U.S.C. § 1985(3), and therefore grant defendants' motion to dismiss.

Sovereign immunity bars a suit against the GSA, an agency of the United States, unless consent to be sued has been given. *See, e. g., Service Arms Co. v. U. S. Treasury Dept.*, 416 F.Supp. 2, 4 (W.D.Okl. 1975). The United States has consented to be sued for tort claims (excluding punitive damages), *see* 28 U.S.C. § 2674, but a claimant must first present his claim to the appropriate agency, *id.* § 2675(a). Because the complaint does not contain any allegations that plaintiff has exhausted this mandatory administrative remedy, this court is without jurisdiction to hear any claims for damages against the GSA. *See Three-M Enterprises, Inc. v. United States*, 548 F.2d 293, 294–95 (10th Cir. 1977).

It is still unsettled when federal officials sued for money damages are to be protected by the cloak of sovereign immunity. *See generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3655, at 175–80 (1976). However, in cases where a judgment for the plaintiff would be paid out of the United States Treasury, plaintiff cannot escape the sovereign immunity doctrine by naming federal officials as nominal defendants. *Id; National Indian Youth Council v. Bruce*, 485 F.2d 97, 99 (10th Cir. 1973); *cert. denied*, 417 U.S. 920, 94 S.Ct. 2628, 41 L.Ed.2d 226 (1974). Because plaintiffs claims for damages against the GSA officials are for acts that they performed within the scope of their official capacities, damages, if any were awarded, would be paid out of the U. S. Treasury. Absent allegations to the contrary I conclude that plaintiffs must exhaust their administrative remedies before bringing any action for damages against the GSA officials.

In order to bring an action for an injunction against a federal agency, plaintiffs must still overcome the burden of sovereign immunity. Plaintiffs have cited several statutes in an attempt to claim that the government has waived its sovereign immunity with respect to the claim for injunctive relief.[1] Congress, however, made plaintiff's

---

1. 28 U.S.C. § 1343, cited in the complaint as the basis for jurisdiction is not a waiver of sover-
eign immunity. *Service Arms Co. v. U. S. Treasury Dept.*, 416 F.Supp. at 4. 28 U.S.C.

task simple when it waived sovereign immunity for most actions seeking non-monetary relief. Pub.L.No.94–574, 90 Stat. 2721 (1976) (pertinent sections codified at 5 U.S.C. §§ 702, 703); *see* Wright, Miller & Cooper, *supra,* § 3655, at 19–22 (1981 Supp.). Sovereign immunity does not bar injunctive relief in this case.

■ Plaintiffs' primary claim is that defendants' actions violated the Civil Rights Act, 42 U.S.C. § 1985(3). In *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court described the essential element of a claim under § 1985(3):

> The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by law to all.

*Id.* at 102, 91 S.Ct. at 1798 (footnotes omitted) (emphasis in original). To state a cause of action under § 1985(3) a complaint must therefore

> allege facts showing a conspiracy against plaintiff 'because of' her membership in a class, and that the criteria defining the class 'were invidious.'

*Lessman v. McCormick,* 591 F.2d 605, 608 (10th Cir. 1979) (citation omitted).[2] Plaintiffs have not alleged any invidiously discriminatory animus behind defendants' ac-

tions; they argue only that defendants' actions have denied them "liberty" without due process of law. They therefore fail to state a claim for relief under § 1985(3).[3] *See Birdwell v. Schlesinger,* 403 F.Supp. 710, 718 (D.Colo.1975).

■ Because I find that plaintiffs have failed to allege sufficient facts to state a claim for relief under § 1985, I do not have pendent jurisdiction over plaintiffs' common law claims. *See generally United Mine Workers v. Gibbs,* 383 U.S. 715, 725–27, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966).

■ It might be possible for plaintiffs to state a cause of action based on defendants' denial of plaintiffs' due-process rights, but they haven't indicated a desire to pursue that course. *See, e. g., Old Dominion Dairy v. Secretary of Defense,* 631 F.2d 953 (D.C.Cir.1980). This court would then have jurisdiction under 28 U.S.C. § 1331.[4] Although I could sustain subject-matter jurisdiction on a ground other than the one improperly asserted in the complaint, see *Vukonvich v. Civil Service Commission,* 589 F.2d 494, 496 n.1 (10th Cir. 1978) (citing C. Wright and A. Miller, *Federal Practice and Procedure,* § 1206 (1969)), I decline to do so here where a racial charge in plaintiffs' legal theory is required. It is

ORDERED that defendants' motion for summary judgment is denied. It is further

ORDERED that defendants' motion to dismiss is granted. This complaint and civil action are dismissed. Each party to bear his or its own costs.

---

§ 1346(a)(2) likewise does not provide a basis for injunctive relief. *Lee v. Thornton,* 420 U.S. 139, 140, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975) (per curiam).

**2.** Because Congress passed the part of § 1985(3) relevant here pursuant to its power under section 2 of the Thirteenth Amendment, *see Griffin v. Breckenridge,* 403 U.S. at 104–05, 91 S.Ct. at 1799–1800, § 1985(3) must be limited here to claims where racial or other invidiously discriminatory actions are present.

**3.** My resolution of this motion makes it unnecessary for me to consider defendants' alternate argument that plaintiffs fail to allege a conspiracy that is actionable under § 1985(3).

**4.** Contrary to plaintiffs' assertion, section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (enacted in 1966 to replace 5 U.S.C. § 1009, which plaintiffs cite), does not provide an independent basis for subject-matter jurisdiction. *Califano v. Sanders,* 430 U.S. 99, 104–07, 97 S.Ct. 980, 983–85, 51 L.Ed.2d 192 (1977). 28 U.S.C. § 1361, also cited by plaintiff, allows mandamus actions to be brought against federal agencies and officials. Plaintiffs are advised, however, that if they seek to bring a mandamus action against the GSA, they must allege that the GSA has failed to perform a non-discretionary duty that is "ministerial, plainly prescribed and free from doubt." *See Birdwell v. Schlesinger,* 403 F.Supp. 710, 718 (D.Colo.1975).