Jack Thomas VINCENT, Plaintiff,

v.

The DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., the Administration of the Department of Social Security, et al., the Office of the Social Security Administration, et al., Defendants.

No. CV–R–83–388–ECR.

United States District Court,
D. Nevada.

Dec. 20, 1984.

Jack Thomas Vincent, in pro. per.

Lamond R. Mills, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendants.

EDWARD C. REED, Jr., District Judge.

Plaintiff, Jack Vincent, brings this action seeking declaratory relief and extensive damages. He challenges the delay of a lump sum payment of Supplemental Security Income benefits. Defendant, Secretary of the Department of Health and Human Services (HHS),[1] moves this Court to dismiss this action. In support of its motion to dismiss, HHS argues: (1) that this Court lacks subject matter jurisdiction; (2) that Vincent fails to comply with the federal rules; and (3) that this complaint is frivolous and malicious.

This Court finds that the United States enjoys sovereign immunity in this case and the motion to dismiss is granted.[2]

■■■■ It is well settled that the United States is immune from suit except as it specifically consents to be sued and that the terms of such consent define the jurisdiction of any court in which such suit properly can be brought. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Vincent relies upon several statutes as a basis for this Court's jurisdiction. However, his reliance is misplaced. He first asserts 28 U.S.C. § 1343. 28 U.S.C. § 1343 does not constitute a waiver of the defense of sovereign immunity unless there is a claim for a violation of the Fourteenth Amendment. *See e.g. Service Arms Co. v. U.S. Treasury Dept., Inc.*, 416 F.Supp. 2, 4 (W.D.Okl. 1975). The Fourteenth Amendment protects an individual against state action not against wrongs done by individuals. *United States v. Price*, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966). Vincent fails to allege that defendants were acting pursuant to state law and thus fails to state a claim for a violation of the Fourteenth Amendment. Thus, jurisdiction does not lie under 28 U.S.C. § 1343. Vincent then relies on 42 U.S.C. § 1983. 42 U.S.C. § 1983 only applies to acts taken under color of state law and thus could not apply to acts of the federal government. *See Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Vincent also relies on 28 U.S.C. §§ 1915(d) and Fed. R.Civ.P. 81(d)(6). Section 1915(d) concerns proceedings in forma pauperis and is not a jurisdictional statute. There is no Fed.R. Civ.P. 81(d)(6). Thus, these statutes do not demonstrate a waiver of sovereign immunity. Vincent also asserts 42 U.S.C. §§ 1986 and 1988. Again, the United States did not waive her sovereign immunity in these sec-

---

**1.** Other defendants named by Vincent should be removed from this case and Margaret Heckler, the Secretary of HHS, substituted as defendant. Rule 25(d).

**2.** Accordingly this Court declines to discuss the other issues raised by HHS.

tions. Neither of these sections provides a cause of action against a federal official or agency acting under color of federal law. *See e.g., Stockheimer v. Underwood,* 428 F.Supp. 192, 194 (W.D.Wis.1977).

 Vincent also relies on 28 U.S.C. § 1346(b), the Federal Tort Claims Act (FTCA). However, an action shall not be instituted based upon the negligent or wrongful act or omission of the United States until a claim has been presented to the appropriate federal agency. 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *See Three-M Enterprises, Inc. v. United States,* 548 F.2d 293, 294 (10th Cir.1977). Vincent has not filed the requisite administrative claim and thus cannot rely on the FTCA for jurisdiction.

Vincent's complaint is based on an argument that in determining his eligibility for the benefits payment, HHS's procedures violated Vincent's constitutional rights. The HHS did make full payment. Vincent does not challenge the amount, but rather challenges the two-year delay in his receiving the payment. Thus, Vincent is arguably asserting a claim under the Social Security Act.

 The right to sue the United States or one of its agencies is limited to the extent of the pertinent waiver of sovereign immunity. *Sherwood,* 312 U.S. at 586–587, 61 S.Ct. at 769–770. Congress has provided such a waiver over claims arising under Title II of the Social Security Act, 42 U.S.C. § 405(g). The subject matter jurisdiction of the district court may be invoked for judicial review of "final decisions" of the Secretary of Health and Human Services. *Weinberger v. Salfi,* 422 U.S. 749, 763, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975).

 There is no doubt that a final decision was rendered by the administrative law judge in ordering payment of Vincent's benefits. However, as Vincent has made perfectly clear, that is not the issue in this case. Rather the gravamen of Vincent's complaint is the delay in his receipt of those benefits. The exclusive remedy for cases arising from the Social Security Act is 42 U.S.C. § 405(g). *Heckler v. Ringer,* —— U.S. ——, 104 S.Ct. 2013, 2028, 80 L.Ed.2d 622 (1984). The delay that Vincent complains of is not a cognizable right of action under the Social Security Act.

 In addition to the million dollar claim for damages, Vincent also seems to seek declaratory relief. Vincent apparently wishes this Court to issue a declaration that HHS violated his constitutional rights, a preliminary and permanent injunction ordering the defendants to pay $3,500,000, and a preliminary and permanent injunction prohibiting the defendants and any successors in office from harassment or threats.

Although there are certain circumstances where this Court would have jurisdiction to provide declaratory relief, Vincent's claim does not provide any basis for the relief he seeks.

*Conclusion*

Vincent sued HHS. HHS is an agency of the United States and can only be sued upon its consent, which it has not given in the instant case. *See Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947); *see e.g. Gray Moving & Storage, Inc. v. Fichback,* 516 F.Supp. 1165, 1166 (D.Colo.1981).

IT IS, THEREFORE HEREBY ORDERED that the motion to dismiss the action is GRANTED.