**Selina SORRELLS, Plaintiff,**

**v.**

**Robert M. GATTISON, et al.,
Defendants.**

**Nos. C 85-7934, C 85-7935.**

United States District Court,
N.D. Ohio, W.D.

Aug. 25, 1986.

Leonard J. Catri, Catri, Howells & Kellam, Sandusky, Ohio, for plaintiff.

Verne K. Armstrong, Asst. U.S. Atty., Toledo, Ohio, for defendants.

## OPINION AND ORDER

WALINSKI, Senior District Judge.

These two cases are before the Court on similar matters and will accordingly be considered together. In each case defendant Gattison has moved to dismiss or in the alternative for summary judgment, pursuant to Rules 12(b)(1), (2), (5), (6), and 56 of the Federal Rules of Civil Procedure. Each plaintiff has filed an identical memorandum in opposition to defendant's motion. Plaintiffs' complaints seek to recover damages for the alleged commission of the common law torts of assault and battery, false arrest, malicious prosecution, intentional infliction of emotional distress, and unlawful and unwarranted search. For the following reasons, the Court finds defendant's motions to dismiss well taken.

On August 18, 1984, defendant Gattison was a special agent with the Office of Enforcement, U.S. Customs Service and was assigned to the Cleveland Office. Defendant was assigned to patrol Lake Erie with officers of the U.S. Coast Guard in a Coast Guard vessel and to search for and apprehend smugglers. At approximately 10:00 p.m. on that evening, defendant observed the boat operated by plaintiff Ron Geringer, on which plaintiff Selina Sorrells was a passenger, stopped on Lake Erie without lights. Defendant further observed a person leaning overboard and thereafter saw something fall into the water. The Coast Guard officers and defendant approached the private boat, identified themselves and conducted a search of the boat. Defendant states that the boat was located on the lake approximately two and not more than three miles from the border of Canada, at the time the officers and the defendant boarded it. The allegations which form the basis of plaintiffs' complaints relate to actions which allegedly occurred during defendant's search of the boat.

Defendant advances several arguments in support of his motions to dismiss. First, defendant asserts that the Court lacks personal jurisdiction over him. Second, defendant contends that plaintiffs' actions must be dismissed for insufficiency of service of process. Third, defendant maintains that the Court lacks subject matter jurisdiction over plaintiffs' complaints based upon defendant's absolute immunity and plaintiffs' failure to file administrative claims. Finally, defendant asserts that plaintiffs' complaints fail to state a constitutional tort claim and therefore fail to state a claim upon which relief can be granted, and thus argues that plaintiffs' complaints should be dismissed or in the alternative, that summary judgment should be granted in favor of defendant, pursuant to Rule 56, Fed.R.Civ.P.

Initially, defendant argues that this Court lacks personal jurisdiction over him. Plaintiffs have brought these actions against defendant Robert M. Gattison, an employee of the U.S. Customs Service, in his individual capacity and the U.S. Customs Service. Defendant states that as of January 30, 1986, the court files failed to reflect service of process upon defendant in his personal capacity or service upon the

U.S. Attorney General or the U.S. Customs Service as required by Rule 4(d)(4) and (5) of the Federal Rules of Civil Procedure.

In June, 1986, this Court ordered the plaintiffs to show cause why their complaints should not be dismissed for insufficiency of service of process. Since that time, plaintiffs have taken additional steps to serve the defendants. Upon review of the record, it is clear that service of process has been made upon defendant Gattison, in his individual capacity, and the U.S. Attorney General, pursuant to Rules 4(d)(1) and (4), Fed.R.Civ.P. Accordingly, the Court finds that proper service has been made upon defendant Gattison and that the Court does have personal jurisdiction over him. It is equally clear, however, that plaintiffs have failed to effect proper service upon defendant U.S. Customs Service as required by Rule 4(d)(5). Thus, pursuant to Rule 4(j), plaintiffs' complaints will be dismissed in regards to defendant U.S. Customs Service for failure to show good cause why service was not made within 120 days following the filing of plaintiffs' complaints.

Pursuant to Rule 12(b), Fed.R.Civ.P., because matters outside the pleadings have been presented to the Court, defendant's motions to dismiss will be treated as motions for summary judgment.

Rule 56, Fed.R.Civ.P., directs the disposition of a motion for summary judgment. In relevant part Rule 56(c) states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

In ruling on a motion for summary judgment, the Court's function is to determine if any genuine issue exists, not to resolve any factual issues, and to deny summary judgment if such an issue exists. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Tee-Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193 (6th Cir.1974). Further, "[i]n ruling on a motion for summary judgment, the Court must construe the evidence in its most favorable light for the party opposing the motion and against the movant." *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir.1962). To summarize, if the movant demonstrates that he is entitled to a judgment as a matter of law, then the Court must next weigh the evidence in a light most favorable for the party opposing the motion; if reasonable minds could differ as to a material fact in issue, then a genuine factual dispute exists and the motion for summary judgment must be denied.

Rule 56(e) places a responsibility on the party against whom summary judgment is sought to demonstrate that summary judgment is improper, either by showing the existence of a material question of fact or that the underlying substantive law does not permit such a decision. In relevant part the provision states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Rule 56(e), Fed.R.Civ.P.

Initially, defendant asserts that he is absolutely immune from liability for the common law torts for which plaintiffs seek to recover. Defendant argues that a federal official is absolutely immune from suit for common law torts if the officer was acting within the outer perimeter of his office. *Barr v. Matteo*, 360 U.S. 564, 565, 79 S.Ct. 1335, 1336, 3 L.Ed.2d 1434 (1959); *See, Spalding v. Vilas*, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896). Defendant has presented the Court with the affidavit of Dominic Napolski, Acting Special Customs Agent in Charge of the Cleveland District. In his affidavit, he states that at the time

of the incident referred to in plaintiff's complaint, defendant Gattison was assigned to patrol Lake Erie to apprehend smugglers of illegal items or substances between Canada and the United States. Additionally, Mr. Napolski states that it was defendant's duty to prevent violations of the Customs laws of the United States.

Defendant submits that plaintiffs' claims are based upon acts performed by defendant in the course of his duties as a special agent of the U.S. Customs Service. Accordingly, defendant argues that he is absolutely immune from suit in this matter and that this Court lacks subject matter jurisdiction over plaintiffs' complaints. Defendant further maintains that plaintiffs' complaints fail to state a claim upon which relief may be granted in that the complaints raise only claims alleging the commission of common law torts.

Additionally, defendant contends that plaintiffs are precluded from asserting the existence of subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* and § 1346. Although 28 U.S.C. § 2680 extends the waiver of sovereign immunity to specific torts committed by investigative or law enforcement officers, defendant contends that the filing of an administrative claim with the appropriate federal agency is an absolute prerequisite and jurisdictional requirement to maintaining a civil action against the United States. 28 U.S.C. § 2675(a). Further, defendant asserts that the filing requirement also applies in cases such as this where the action has been removed to federal court and the government certifies that the individual defendant was acting as an employee of the United States and within the scope of his employment at the time of the incident. *West v. United States.* 592 F.2d 487 (8th Cir.1979). Accordingly, defendant maintains that the Court lacks subject matter jurisdiction over plaintiffs' complaints based upon defendant's absolute immunity and their failure to file administrative claims.

Finally, defendant argues that plaintiffs' complaints fail to allege a constitutional tort claim and therefore fail to state a claim upon which relief can be granted. Defendant submits that the fundamental predicate for all *Bivens* actions is a violation of constitutional rights. Defendant asserts that plaintiffs' complaints make no such allegation. Assuming that plaintiffs' complaints did assert a constitutional tort claim, defendant contends that plaintiffs' actions must be dismissed due to Gattison's qualified immunity from suit. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1981).

In plaintiffs' memoranda in opposition to defendant's motion, they assert that their complaints state a cause of action under 42 U.S.C. § 1983. Further, plaintiffs maintain that defendant should be accorded only qualified immunity and that such immunity fails to shield him from liability for violating their constitutional rights. Specifically, plaintiffs maintain that each of their complaints assert that defendant conducted an unlawful search and seizure in violation of the Fourth Amendment, that defendant destroyed plaintiffs' property, that defendant violated plaintiffs' due process rights by assaulting them in a brutal manner, and that defendant denied plaintiffs their liberty by unlawfully restraining them.

42 U.S.C. § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

For a claim to be actionable under § 1983, it must be established that the defendant was acting under "color of state law" when he deprived plaintiff of some right, privilege, or immunity guaranteed by the Constitution or laws of the United States. *Monroe v. Pape,* 365 U.S. 167, 179,

81 S.Ct. 473, 479, 5 L.Ed.2d 492 (1961), *overruled on other grounds,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), (overruled insofar as it held that local governments are wholly immune from suit under § 1983). Thus, this section does not apply to litigation involving federal officials acting under color of federal law. *Broadway v. Block,* 694 F.2d 979 (5th Cir.1982); *Porter v. Windham,* 550 F.Supp. 687 (D.C.Okl. 1981). Clearly, defendant Gattison was acting under color of federal law at the time in question. Accordingly, a § 1983 action cannot be maintained against him.

■ The Court now turns to the issue of defendant Gattison's immunity from suit. The doctrine of absolute immunity for federal officials is clearly stated in the decisions of the Supreme Court and of the courts of appeals. *See Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Spalding v. Vilas,* 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896); *Granger v. Marek,* 583 F.2d 781 (6th Cir.1978). In those cases where the complaint alleges violations of common law torts, not violations of plaintiff's constitutional rights, the doctrine of absolute immunity for certain federal officials for discretionary actions performed within the scope of their duties applies. *Barr, supra.*

■ In the present case, plaintiffs seek to recover for common law torts which defendant allegedly committed during his August 18, 1984 search of Ron Geringer's boat. Clearly, defendant falls within the category of federal officials who could claim the immunity. The very nature of the duties performed by defendant make him susceptible to suit by those who may be searched. Finally, it is clear that defendant's discretionary act in deciding to search Geringer's boat was not beyond the scope of his duties. It was defendant's assignment to patrol Lake Erie to apprehend smugglers of illegal items or substances between Canada and the United States. Further, it was defendant's duty to prevent violations of the customs law of this country. Plaintiffs' claim that defendant committed common law torts are based upon acts performed by defendant in the course of his duties as a special agent of the U.S. Customs Service. Accordingly, defendant enjoys absolute immunity from plaintiff's common law tort claims.

*Assuming arguendo* that plaintiffs have sufficiently alleged violations of their constitutional rights, defendant Gattison would be entitled to qualified immunity. In *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1977), the Supreme Court held that federal officials would be protected by the same qualified immunity or good faith defense that had been applied in § 1983 suits against state officials. *Id.* at 496–508, 98 S.Ct. at 2905–12. Under that standard, a defendant official would have to establish that his actions were both objectively reasonable and subjectively undertaken in good faith in order to avoid liability. *Id.* at 496–97, 98 S.Ct. at 2905–06.

In *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1981), the Supreme Court redefined the qualified immunity doctrine. In *Harlow,* the Court eliminated the subjective element of qualified immunity and held that government officials performing discretionary functions generally are protected from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. 457 U.S. at 815–16, 102 S.Ct. at 2736–37.

■ Clearly, defendant's actions were in accordance with applicable law and statutes. Pursuant to 19 U.S.C. § 1581(a), customs officers may board any vessel at any place in the United States without suspicion in order to do a document or safety check when the vessel is located in waters offering ready access to the open sea. *United States v. Villamonte-Marquez,* 462 U.S. 579, 103 S.Ct. 2573, 77 L.Ed.2d 22 (1983). Section 1581(a) provides in pertinent part:

(a) Any officer of the customs may at any time go on board of any vessel or vehicle at any place in the United States or within the customs waters or, as he

may be authorized, within a customs-enforcement area established under the Anti-Smuggling Act, or at any other authorized place, without as well as within his district, and examine the manifest and other documents and papers and examine, inspect, and search the vessel or vehicle and every part thereof and any person, trunk, package, or cargo on board, and to this end may hail and stop such vessel or vehicle, and use all necessary force to compel compliance.

 Additionally, customs officers have authority under 19 U.S.C. § 1581 to make investigatory stops of vessels if they have a reasonable suspicion of illegal activity. *See Kett v. United States,* 722 F.2d 687 (11th Cir.1984); *United States v. Herrera,* 711 F.2d 1546 (11th Cir.1983).

 Further, the fact that plaintiff's boat failed to have lights displayed constituted an independent basis for searching the boat. 19 U.S.C. § 1587 provides in pertinent part:

> [A]ny vessel which fails (except for unavoidable cause) at any place within the customs waters ... to display lights as required by law ... may at any time be boarded and examined by any officer of the customs, and the provisions of said section 1581 shall apply thereto....

Upon review of the circumstances surrounding the defendant's search of plaintiff's boat on August 18, 1984, the Court finds that the defendant acted reasonably and in accordance with existing law. Defendant was assigned to patrol Lake Erie with Coast Guard Officers and to apprehend smugglers. Defendant observed a boat without lights stopped approximately two miles from the Canadian border. Further, defendant observed an individual leaning overboard and saw something fall into the water. Upon consideration of these factors, defendant acted reasonably in searching plaintiff's boat. Therefore, under *Harlow,* defendant is immune from plaintiffs' suits and summary judgment must be entered in his favor.

Accordingly, it is

ORDERED that defendant Gattison's motions for summary judgment are granted; and it is

FURTHER ORDERED that plaintiffs' complaints against defendant U.S. Customs Service are dismissed for failure to show good cause why service of process was not effected upon defendant within 120 days following the filing of plaintiffs' complaints. Complaint dismissed at plaintiff's costs.