UNITED STATES ex rel. Patrick MULLEN, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 30067

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 21, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

John E. Adkins, Jr., New Orleans, La. (Court Appointed), for petitioner-appellant.

Jack P. F. Gremillion, Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

In this habeas corpus case petitioner Patrick Mullen, who is presently serving four consecutive sentences at the Louisiana State Penitentiary, challenges two of those sentences entered after he entered pleas of guilty. The District Court, 312 F.Supp. 1363, without an evidentiary hearing, denied petitioner's motion, and we affirm.

On March 18, 1963, Mullen was sentenced to serve a term of fifteen years for armed robbery. On March 29, 1963, Mullen was sentenced to serve five years on another conviction for burglary, such sentence to run consecutive to the armed robbery sentence. Subsequently, and while serving these sentences, Mullen was charged with the murder of an inmate at the Louisiana State Penitentiary. Upon advice of retained counsel, petitioner entered a plea of guilty to a reduced charge of manslaughter, and was sentenced, on November 20, 1964, to serve ten years, such sentence to run consecutive to the two prior sentences he was serving. Then, in early 1965, Mullen was again charged with the murder of a fellow prisoner, and, upon advice of appointed counsel, he entered a plea of guilty to a charge of manslaughter. Pursuant to this plea Mullen was sentenced to serve 21 years, such sentence to run to the other three sentences he was serving.

Mullen's basic contention is that both pleas of guilty were involuntary in that both were the product of illegally obtained confessions.[1] The District Court below, relying on the evidentiary record produced during the state habeas corpus proceeding,[2] concluded that following each alleged murder at the penitentiary Mullen had indeed been induced to give inculpatory statements under circumstances which would render the statements inadmissible at trial. Nevertheless, the court below found that despite these coerced confessions, Mullen's guilty pleas were freely and voluntarily entered upon the advice of competent counsel and hence not subject to collateral attack. We think the District Court's finding is clearly supported by the record, and, in light of cases such as McMann v. Richardson, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, and Busby v. Holman, 5 Cir. 1966, 356 F.2d 75, the denial of petitioner's motion for the writ of habeas corpus must be

Affirmed.

---

1. Mullen's original petition in the court below contended also that the two pleas of guilty of manslaughter were entered to avoid the possibility of the death penalty, which could have been imposed only by a jury after a plea of not guilty of murder and a subsequent jury verdict of guilty as charged. The District Court ruled against petitioner on this contention, and Mullen has abandoned the argument on appeal. In the light of Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, the District Court's decision on this issue was plainly correct.

2. The state evidentiary hearing was fair and complete and satisfied the requirements of 28 U.S.C.A. § 2254, and Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.