George S. **TRABER**, Petitioner-Appellant,

v.

**UNITED STATES of America,
Respondent-Appellee.
No. 72–2039
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Aug. 18, 1972.

Certiorari Denied Dec. 4, 1972.
See 93 S.Ct. 542.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc.
 v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

George S. Traber, pro se.

Robert W. Rust, U. S. Atty., Barbara E. Vicevich, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before WISDOM, GODBOLD and RO- NEY, Circuit Judges.

PER CURIAM:

This appeal is from an order of the district court denying the motion of a federal prisoner to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.

Appellant was convicted on his plea of guilty of conspiracy to transport stolen property in foreign commerce in violation of 18 U.S.C. §§ 371, 2314, and 2315. In his motion to vacate he contends that (1) his guilty plea was based upon a coerced confession induced by threats made by police and his court-appointed counsel of vigorous prosecution and severe penalties, and by interrogation without the presence of counsel; (2) pretrial bond was excessive; (3) the trial court failed to comply with Rule 11, F.R. Crim.P.; (4) he was denied the right of allocution; and (5) he was incompetent to enter a guilty plea due to the influence of darvon, a pain reliever; (6) he was denied effective counsel. The district court denied the motion without holding an evidentiary hearing.

The record includes transcripts of the proceedings at which appellant entered his plea and of his sentencing. Also the court had before it the transcript of an evidentiary hearing on appellant's motion to withdraw his guilty plea.[1] Those documents fully support the court's denial of the motion insofar as claims (3), (4), (5) and (6) are concerned. As to claim (1), coerced confession, the court correctly noted that an allegation that a plea of guilty is based upon a coerced confession is, without more, not grounds for the relief sought here. McMann v. Richardson, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L. Ed.2d 763; United States ex rel. Mullen v. Henderson, 5th Cir. 1971, 467 F.2d 899; Williamson v. Alabama, 5th Cir. 1971, 441 F.2d 549. Also, a plea of guilty voluntarily and knowingly given constitutes a waiver of all non-jurisdictional defects in the proceedings up to that point. Boyd v. Smith, 5th Cir. 1970, 435 F.2d 153; Askew v. Alabama, 5th Cir. 1968, 398 F.2d 825; Busby v. Hol-

1. The denial of this motion was affirmed in United States v. Traber, 5th Cir. 1971, 446 F. 2d 890.

man, 5th Cir. 1966, 356 F.2d 775. As to claim (2), excessive bond, the court correctly held that this was an issue not appropriately raised by a § 2255 motion.

Affirmed.