Marshall A. KETT, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 82–8625
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 9, 1984.

Melissa Mundell, Asst. U.S. Atty., Savannah, Ga., for defendant-appellee.

Before HILL, JOHNSON and HENDERSON, Circuit Judges.

PER CURIAM:

Marshall A. Kett appeals to this court from the order of the district court denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (1982). Kett was convicted by a jury of aiding and abetting the crime of possession of cocaine with intent to distribute, see 21 U.S.C. § 841(a)(1) (1982), and aiding and abetting the crime of importation of cocaine, see 21 U.S.C. § 952(a) (1982). The trial judge sentenced Kett to ten years imprisonment to be followed by a five-year special parole term on each count. The former Fifth Circuit affirmed Kett's conviction, see United States v. Kett, 624 F.2d 1096 (5th Cir.1980), and the district court subsequently reduced Kett's present sentence to seven years.

Although Kett presented numerous issues in his section 2255 petition before the district court, on appeal he primarily challenges the district court's rulings on his claims involving the alleged outrageous conduct leading to his arrest and conviction and the trial judge's alleged preclusion of his right to bring an entrapment defense. Kett was indicted along with two codefendants, Dvorsky and Baigorria, in a four count indictment involving various drug related offenses. The government later learned that Baigorria was a government informant, and ultimately determined that he was probably a "cooperating individual" with respect to the charged offenses. The government therefore moved to have the charges dropped against Baigorria and to dismiss the indictment against Dvorsky on the basis that he was entrapped by Baigorria. At the hearing on the motions to dismiss the charges against Baigorria and Dvorsky, Kett's trial counsel argued that the government's belated disclosure of the existence of an informant precluded Kett from presenting an entrapment defense. Kett's counsel also argued that Kett unwittingly disclosed his defense strategy to the government through Baigorria's presence at defense meetings. The trial court heard testimony concerning each of the allegations, including an in camera examination of Baigorria, and concluded that each lacked merit. Soon after the charges against Baigorria and Dvorsky were dismissed, the government dismissed the indictment against Kett; however, he was immediately rearrested and later reindicted.

Kett first argues that his trial counsel rendered ineffective assistance. A

review of his argument, however, indicates that Kett's contentions are not directed at counsel's performance, but rather aimed at the trial court's *in camera* examination of Baigorria and acceptance of Baigorria's testimony that Kett was predisposed to commit the crime. According to Kett, the trial court precluded him from raising an entrapment defense by conducting the examination of Baigorria and accepting his testimony. This argument is without merit. Entrapment is a question for the trier of fact, in Kett's case, the jury. *See United States v. Savage,* 701 F.2d 867, 868 n. 1 (11th Cir.1983). Whether or not the trial judge was of the opinion that Kett was predisposed to commit the crime would not have been made known to the jury. In any event, Kett did not present an entrapment defense at this trial. Therefore, his claim that he was precluded from raising an entrapment defense must fail.

■ With regard to the *in camera* examination itself, the district court's recitation of the facts makes it clear that one purpose of the hearing involving the examination was to determine if any further disclosure of evidence was required under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The trial judge acted properly in performing an *in camera* inspection of the evidence. *See United States v. Killian,* 639 F.2d 206, 210 (5th Cir.), *cert. denied,* 451 U.S. 1021, 101 S.Ct. 3014, 69 L.Ed.2d 394 (1981). During the hearing, Baigorria testified that he was present when Kett made arrangements to purchase cocaine. Since that testimony was not exculpatory, the district court was well within its discretion in withholding it. *Id.* at 210.

■ A review of the testimony before the trial court indicates also that Kett's counsel rendered effective assistance. Baigorria testified at the hearing that Kett was predisposed to commit the offense and that Baigorria did not make the initial contact with Kett. Given this testimony, it was reasonably effective assistance for Kett's counsel to fail to assert an entrapment defense at trial. *See generally,*

*Washington v. Strickland,* 693 F.2d 1243 (5th Cir.1982) (en banc), *cert. granted,* —— U.S. ——, 103 S.Ct. 2451, 77 L.Ed.2d 1332 (1983). Kett also asserts that Baigorria directly intruded into the attorney-client relationship, thus rendering his counsel's assistance ineffective because he unwittingly disclosed defense strategy to Baigorria. At trial, the attorneys for both Baigorria and Dvorsky said that they were not involved in any discussions concerning Kett's defense strategy. Moreover, Baigorria stated that he was never involved in any meetings during which Kett's defense strategy was discussed. Therefore, this claim is also without merit.

■ Kett next argues that his conviction was the result of outrageous government overreaching in violation of the due process clause. Specifically, he argues that if Baigorria was a government agent, as the trial court assumed, then the government initiated the conspiracy, supplied the foreign source of cocaine, physically placed the cocaine on his person and caused his arrest. In *United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), the Supreme Court acknowledged that the conduct of government agents could, in certain situations, be so outrageous as to constitute a denial of due process. In order to establish a due process denial, the defendant must demonstrate that the government's actions were " 'shocking to the universal sense of justice.' " *Id.* at 432, 93 S.Ct. at 1643. In practical terms, although a government agent may provide something of value to a criminal enterprise, he "may not instigate the criminal activity, provide the place, equipment, supplies and know-how, and run the entire operation with only meager assistance from the defendants . . . ." *United States v. Tobias,* 662 F.2d 381, 386 (5th Cir.1981), *cert. denied,* 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982).

■ The conduct of the government in this case did not deny Kett due process of law. Even if Baigorria was an informer, his conduct did not rise to the level of outrageousness required by *Russell* and *Tobias.* In *Tobias,* DEA agents established

the chemical supply company and placed advertisements in High Times Magazine offering to sell supplies for the manufacturer of illegal drugs. The defendant responded to that ad and, with the assistance of DEA agents, began to manufacture PCP. Noting that the defendant initiated the contact with the DEA and did so on numerous occasions, this court held that the government's conduct was not outrageous. *Id.* at 387; *see also United States v. Savage,* 701 F.2d 867, 869 (11th Cir.1983). In this case, the evidence demonstrated that Kett initiated the contact with Baigorria and that Baigorria testified that Kett was predisposed to engage in the criminal enterprise. This is not a case in which the government's conduct denied the defendant due process.

 Kett raises several other issues on appeal. He contends that the bail set before his trial was excessive; however, as the district court correctly noted, claims of excessive bail are not cognizable in a section 2255 action. *See Traber v. United States,* 466 F.2d 483, 485 (5th Cir.), *cert. denied,* 409 U.S. 1044, 93 S.Ct. 542, 34 L.Ed.2d 495 (1972). Kett also argues that his seven-year prison sentence violates the cruel and unusual punishment prohibition of the Eighth Amendment. This claim is without merit also. Kett's sentence is well within the penalty range proscribed for a violation of 21 U.S.C. § 841(a)(1); therefore, this claim also is insulated from section 2255 review. *See Nelson v. United States,* 709 F.2d 39, 40 (11th Cir.1983). Finally, Kett has requested that this court order that the record be supplemented by adding the sealed transcript of the testimony of Baigorria before the court at Kett's original trial and by adding the transcript of Kett's section 2255 proceedings in the district court. We have reviewed the sealed transcript; it adds nothing to Kett's contentions in this appeal. No transcript was made of the section 2255 proceedings in the district court; therefore, we cannot order that it be furnished to Kett. We therefore deny Kett's motion to supplement the record and file an additional brief.

The judgment of the district court is AFFIRMED.