[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14859
Non-Argument Calendar

_____

D. C. Docket No. 05-00158-CR-ORL-19-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYREE RENARD WILSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 30, 2007)**

Before ANDERSON, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Tyree Wilson, through counsel, appeals his conviction for conspiracy to

possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

## I.

On appeal, Wilson challenges the district court's jurisdiction, arguing that the application of the Controlled Substances Act ("CSA") is unconstitutional because he was the victim of outrageous government conduct. He argues that the government fabricated the drug conspiracy and engaged in criminal activity in implementing the investigation, primarily via the use of confidential informants.

"We review the constitutionality of a [challenged] statute *de novo*." *United States v. Ballinger*, 395 F.3d 1218, 1225 (11th Cir. 2005) (en banc). We review issues not raised before the district court for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). An unpreserved error will be corrected only if it is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (internal quotation marks omitted).

Wilson's argument calls into question Congress's authority under the Commerce Clause to prohibit the conduct with which he was charged. The Commerce Clause gives Congress the power to regulate three types of activity: (1) "the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, and persons or things in interstate commerce;" and (3) "activities that

2

substantially affect interstate commerce." *Gonzales v. Raich*, 545 U.S. 1, 16-17, 125 S. Ct. 2195, 2205, 162 L .Ed. 2d 1 (2005). The Supreme Court has upheld the CSA as a valid exercise of Congressional power. *Id.* at 9, 125 S. Ct. at 2201. Accordingly, the district court had jurisdiction in this case and Wilson's argument is without merit.

Wilson also argues that that the government's conduct in this case violated his due process rights. We have recognized that government conduct, in rare and outrageous circumstances, might violate the Fifth Amendment. *United States v. Edenfield*, 995 F.2d 197, 200 (11th Cir. 1993). Government infiltration of criminal activity and the furnishing of something of value to the criminal is a recognized and permissible means of investigation. *United States v. Sanchez*, 138 F.3d 1410, 1413 (11th Cir. 1998). "[A]lthough a government agent may provide something of value to a criminal enterprise, he may not instigate the criminal activity, provide the place, equipment, supplies, and know-how, and run the entire operation with only meager assistance from the defendants." *Kett v. United States*, 722 F.2d 687, 689 (11th Cir. 1984) (per curiam) (internal quotation marks omitted).

Wilson's argument is without merit. It is an acceptable and constitutional investigatory technique to utilize confidential informants to purchase drugs from suspected drug dealers. The government's conduct in this case was not outrageous,

3

and Wilson's argument conflating government conduct and jurisdiction is no basis for overturning the conviction.

## II.

Next, Wilson argues that the evidence was insufficient to convict him. He relies heavily on public policy arguments, characterizing government drug investigations as reliant on "liar's evidence." He defines "liar's evidence" as evidence that is conducive to fabrication. In the instant case, he objects to the government's reliance on and use of confidential informants. He argues that the testimony of co-defendants Shaun Dawkins and Anthony Sutton contradicted each other. He further asserts that the evidence was circumstantial and unreliable, and the jury could only have found him guilty via "guesswork" and "conjecture."

"Sufficiency of the evidence is a question of law that we review *de novo*." *United States v. Gupta*, 463 F.3d 1182, 1193 (11th Cir. 2006), *cert. denied*, __ S. Ct. __, No. 06-1388, (May 21, 2007) (mem.). In reviewing the sufficiency of the evidence, we ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 1193-94 (internal quotation marks omitted). Furthermore, we will resolve all reasonable inferences in favor of the jury's verdict. *Id.* at 1194. We keep in mind that credibility determinations are the

4

sole province of the jury. *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999).

In order to support a conspiracy conviction under 21 U.S.C. § 846, the government must establish that (1) a conspiracy existed, (2) the defendant had knowledge of it, and (3) he voluntarily became a part of it. *United States v. Thompson*, 422 F.3d 1285, 1290 (11th Cir. 2005). The "existence of an agreement in a conspiracy case is rarely proven by direct evidence that the conspirators formally entered or reached an agreement . . . . The more common method of proving an agreement is through circumstantial evidence." *United States v. Glinton*, 154 F.3d 1245, 1258 (11th Cir. 1998) (internal quotation marks omitted). "[T]he very nature of a conspiracy frequently requires that the existence of an agreement be proved by inferences from the conduct of the alleged principals or from circumstantial evidence of a scheme." *United States v. Gold*, 743 F.2d 800, 824 (11th Cir. 1984) (internal quotation marks omitted). Uncorroborated testimony of a co-conspirator may be enough to support a conviction if the testimony is not incredible on its face or otherwise insubstantial. *United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir. 2005) (per curiam).

Sufficient evidence supports the jury's guilty verdict. Sutton stated that he received drugs from Wilson and shared the profits of drug sales with Wilson.

5

Dawkins stated that he received drugs from Wilson and provided drugs to Wilson. Co-conspirators' testimony can be enough to support a conviction, and in this case the offered testimony was not so incredible that the jury could not have credited it. Moreover, the testimony from law enforcement agents placing Wilson and Sutton together before and after the monitored drug deals supports Sutton's testimony. In light of the trial testimony, the jury could have concluded beyond a reasonable doubt that Wilson conspired to possess with intent to distribute crack cocaine. Therefore, the district court did nor err in denying Wilson's motion for a judgment of acquittal.

## III.

Wilson next contends that certain evidentiary rulings by the district court were erroneous. Wilson argues that the admission of taped recordings between Dawkins and a confidential informant was erroneous because the recordings (1) contained statements from a non-testifying confidential informant and (2) were incomplete and misrepresentative. He also argues that the record supports his objections regarding the admission of statements he made during the booking process about his nickname and place of residence. Finally, he argues that the DEA has an unofficial policy of ensuring that incriminating statements are kept from defendants before trial.

6

We review evidentiary rulings for an abuse of discretion. *United States v. Brown*, 415 F.3d 1257, 1264-65 (11th Cir. 2005), *cert. denied*, 126 S.Ct. 1570 (2006). We review constitutional questions *de novo*. *United States v. Brown*, 364 F.3d 1266, 1268 (11th Cir. 2004).

Wilson contends that the confidential informant's recorded statements should not have been admitted because they are hearsay. Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A confidential informant's statement made during a taped conversation with the defendant can be admitted to provide context, so long as the informant's statements are not admitted for the truth asserted. *See United States v. Byrom*, 910 F.2d 725, 737 (11th Cir. 1990). The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9, 124 S. Ct. 1354, 1369 n.9, 158 L. Ed. 2d 177 (2004).

The admission of the recordings was proper because the confidential informant's statements were not admitted for the truth of what he said, but rather for context. The court instructed the jury not to credit the confidential informant's statements as truth, because they were only being provided as context for Dawkins's statements. Accordingly, the recording was not hearsay, nor did it

7

violate Wilson's constitutional right to confrontation because the confidential informant's statements were not offered for the truth of the matter asserted. Wilson's argument that the recording was incomplete and misrepresentative of the conversation is not developed beyond mere allegation, and it was not an abuse of discretion for the court to admit the recording into evidence.

Wilson also argues that the government committed a discovery violation by failing to inform him that it intended to introduce at trial statements he made during booking. The government must disclose the substance of any oral statement made by the defendant in response to interrogation by a person the defendant knew to be a government agent if the government intends to use the statement at trial. Fed. R. Crim. P. 16(a)(1)(A). We will not reverse a conviction based on a discovery violation unless the appellant can demonstrate that the violation prejudiced his substantial rights. *United States v. Quinn*, 123 F.3d 1415, 1423 (11th Cir. 1997). "Substantial prejudice is established when the defendant shows that he was unduly surprised and did not have an adequate opportunity to prepare a defense or that the mistake had a substantial influence on the jury." *United States v. Rivera*, 944 F.2d 1563, 1566 (11th Cir. 1991).

A law enforcement officer's request for routine information during booking is not an interrogation, and, therefore, is not subject to *Miranda v. Arizona*, 384

U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). *United States v. Sweeting*, 933 F.2d 962, 965 (11th Cir. 1991).

The district court's decision to admit Wilson's booking statements does not require reversal. As an initial matter, routine questioning during the booking process does not constitute interrogation, and, therefore, the statements did not violate Wilson's *Miranda* rights. The government contends that it did not commit a discovery violation because Wilson's comment about living in Georgia to avoid arrest was discussed during the detention hearing, and the "Blacknet" nickname was on Wilson's fingerprint card, which was available to the defendant. Even assuming that the detention hearing discussion and fingerprint card did not satisfy the government's obligation, the court did not abuse its discretion by allowing the statements to be heard by the jury because the evidence did not violate Wilson's substantial rights. Wilson's conviction principally relied upon the testimony of Sutton and Dawkins, two co-conspirators who directly implicated Wilson in the provision and sale of illegal drugs. Accordingly, Wilson has failed to establish that any possible discovery violation affected his substantial rights.

**AFFIRMED.**

9