LEE ET AL. v. THORNTON, DISTRICT DIRECTOR, UNITED STATES CUSTOMS SERVICE, ET AL.

No. 73-7006.  Decided February 18, 1975

PER CURIAM.

Appellants brought actions in the District Court for the District of Vermont that challenged the constitutionality, facially and as applied, of various provisions of the customs laws, 46 Stat. 717 and 757, as amended, 19 U. S. C. §§ 1460 and 1618, that mandate procedures to effect forfeiture and remission or mitigation of penalties imposed after Border Patrol agents apprehended them and seized their vehicles when they crossed the border from Canada without passing through a customs station.  The complaints sought (1) declaratory judgments that the challenged provisions were unconstitutional, (2) injunctions against their enforcement, (3) mandamus relief requiring the return of moneys paid as mitigated forfeitures or penalties based on violations of the customs laws, and (4) damages.  A three-judge court was convened.  The court held that it had jurisdic-

tion under the Tucker Act, 28 U. S. C. § 1346 (a)(2), rejected appellants' constitutional claims, enjoined appellees from applying the customs laws except as construed by the court, declined to remit appellants' fines, and returned to the single-judge District Court the question of damages.

The District Court held that it had jurisdiction of the complaints under the Tucker Act, and did not address other alternative bases of jurisdiction asserted in the complaints. The jurisdiction of the district courts under the Tucker Act over "[a]ny . . . civil action or claim against the United States . . . founded either upon the Constitution, or any Act of Congress . . ." does not include jurisdiction over appellants' claims to enjoin enforcement of the challenged provisions of the customs laws. The Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief. *Richardson* v. *Morris,* 409 U. S. 464 (1973); *United States* v. *King,* 395 U. S. 1 (1969); *United States* v. *Sherwood,* 312 U. S. 584, 589–591 (1941). It follows that the three-judge court was improperly convened, and this Court therefore has no jurisdiction to entertain the appeal based on the District Court's refusal to grant injunctive relief founded on appellants' additional constitutional claims. Appellants' motion for leave to proceed *in forma pauperis* is granted, the judgment of the District Court is vacated, and the case is remanded for consideration of appellants' other asserted bases of jurisdiction.

*So ordered.*

MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.