John SPAIN and Louisiana Television Broadcasting Corporation

v.

UNITED STATES of America Through the ATOMIC NUCLEAR REGULATORY COMMISSION Through the U. S. ATOMIC SAFETY AND LICENSING BOARD.

GUARANTY BROADCASTING CORPORATION d/b/a WAFB-TV

v.

UNITED STATES of America.

Civ. A. Nos. 75–102, 75–103.

United States District Court,
M. D. Louisiana.

July 11, 1975.

————◆———

W. Luther Wilson, Taylor, Porter, Books & Phillips, Baton Rouge, La., for John Spain and Louisiana Television and Broadcasting Corp.

Stanford O. Bardwell, Jr., Baton Rouge, La., for Guaranty Broadcasting Corp. d/b/a WAFB-TV.

Douglas M. Gonzales, U. S. Atty., Robert S. Leake, Asst. U. S. Atty., M. D., La., Baton Rouge, La., for United States.

E. GORDON WEST, District Judge:

These suits, which have been consolidated for the purpose of this ruling,

originally sought a temporary restraining order and thereafter a preliminary and permanent injunction against the United States of America, through the Atomic Nuclear Regulatory Commission, ordering that Commission to permit the plaintiffs to film, tape, and otherwise record hearings being held by the Commission, through its United States Atomic Safety and Licensing Board, in the City of St. Francisville, Louisiana, which hearings involved the possible construction of a nuclear reactor facility in or near the City of St. Francisville. By minute entry dated March 26, 1975, this Court ruled that a temporary restraining order should not issue, but that the parties should be given the opportunity to be heard on the matter of the issuance of preliminary and/or permanent injunctive relief. Accordingly, a hearing on this matter was set for Wednesday, April 2, 1975. In lieu of a hearing, however, all parties subsequently agreed to file a joint stipulation of facts, and to submit the cases for decision on the record as it would then stand. Now, on further examination of the pleadings in these cases, the Court concludes that federal jurisdiction is lacking, and that therefore these cases must and shall be dismissed.

The jurisdiction of federal courts is specifically delineated and limited by Congress. There is no presumption that a federal district court has subject-matter jurisdiction to adjudicate a particular case. Hence, the complaint in a federal court must demonstrate that a basis for federal jurisdiction exists. Wright & Miller, Federal Practice and Procedure: Civil § 1206, and cases cited therein at n. 62.

The lack of federal jurisdiction may be raised by motion or in the responsive pleading. In addition, as a concomitant of its limited jurisdiction, a federal court must of its own motion note the absence of subject-matter jurisdiction when the averments of the pleadings are lacking in that respect. *McNutt v. General Motors Acceptance Corp.,* 298 U.S.

178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); 1 Moore's Federal Practice ¶ 0.60(4); Fed.R.Civ.Proc. 12(h).

In Civil Action No. 75–102, it is alleged that "the issues raised in this matter arise under the First Amendment to the Constitution of the United States; jurisdiction is granted specifically by 28 U.S.C. § 1346." While 28 U. S.C. § 1346 (the Tucker Act) gives district courts jurisdiction over claims against the United States for money damages of less than $10,000 that are founded upon the Constitution, it is well settled that this statute does not authorize actions for injunctive or declaratory relief. *Lee v. Thornton,* 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 (February 18, 1975); *Richardson v. Morris,* 409 U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973). As this suit seeks only injunctive relief, federal subject-matter jurisdiction is not present.

Civil Action No. 75–103 contains no specific jurisdictional allegation; there is only a vague reference to complainants' rights under the First Amendment. It is a basic rule of federal civil procedure that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly in the complaint. Fed.R.Civ.Proc. 8(a)(1). As this complaint contains no such statement of jurisdiction, it is fatally defective.

In some cases, however, federal courts have excused the nonexistence or defectiveness of a jurisdictional allegation when an examination of the entire complaint reveals a proper basis for assuming jurisdiction. See Wright & Miller, Federal Practice and Procedure: Civil § 1206. Other than 28 U.S.C. § 1346, the only apparent basis for jurisdiction in these complaints appears to be the federal question jurisdiction granted by 28 U.S.C. § 1331. That provision vests in the district courts jurisdiction of civil actions in which the matter in controversy "arises under the Constitution, laws, or treaties of the United States" and exceeds $10,000 in principal

"sum or value." Aside from the fact that the requisite amount in controversy is neither alleged nor sought in either of these suits, it is also well settled that the United States may not be sued without its consent or specific statutory authority. 28 U.S.C. § 1331 contains no such authorization, and an examination of the records in these cases reveals no waiver by the United States of its sovereign immunity. Thus, jurisdiction under 28 U.S.C. § 1331 cannot be sustained. *Giancana v. Johnson*, 335 F.2d 366 (C.A. 7—1964); *Gomez v. Wilson*, 155 U.S.App.D.C. 242, 477 F.2d 411, 419 (1973) (necessity of requisite amount in controversy); *Anderson v. United States*, 229 F.2d 675 (C.A. 5—1956); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (sovereign immunity).

For the foregoing reasons, it is ordered that these suits be, and they are hereby, dismissed for lack of federal jurisdiction.