VALENTINE GIRARDS, INC., and
Richard T. Girards, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
AGRICULTURE FARMERS HOME
ADMINISTRATION, Defendant.

No. 79 CV 3089 (ERN).

United States District Court,
E.D. New York.

June 30, 1983.

Wallace & O'Haire, P.C. by George V. O'Haire, Hicksville, N.Y., for plaintiffs.

Raymond J. Dearie, U.S. Atty., E.D.N.Y. by Ben Wiles, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiffs Valentine Girards, Inc., and Richard T. Girards and defendant United States Department of Agriculture Farmers Home Administration ("FmHA") were originally co-defendants in this action; the claims of the original plaintiffs are no longer pending, and the only claims remaining in this re-captioned action are those initially brought as cross-claims between the present parties. Defendant has now moved for summary judgment on some of plaintiffs' claims based upon mootness, and for dismissal of the remainder of plaintiffs' claims for want of jurisdiction. Plaintiffs, opposing this motion, have also requested to be allowed to amend the complaint.

The material facts are largely undisputed. Defendant loaned Valentine Girards, Inc., in excess of $475,000, and the loan was secured by a second mortgage on property owned by the Girards in Mattituck, N.Y., and by a mortgage on property in East Meadow, N.Y. In November 1979, Valentine Girards, Inc., agreed to a voluntary conveyance of the Mattituck property to satisfy the FmHA loan. Defendant asserts that Valentine Girards, Inc., was in default when the conveyance occurred; plaintiffs disagree.

The "Offer to Convey Security" form contained a printed clause stating that Valentine Girards, Inc., agreed "to remove at our expense all prior and junior liens, (except FmHA liens) and all other encumbrances and title defects (now known or

hereafter disclosed) except those approved by FmHA in writing." Typed after this clause was the addition: "IRS Lien and 1st mortgage to be paid at FmHA discretion."

Plaintiffs originally complained that the clause quoted above required defendant to pay approximately $24,000 to discharge the first mortgage and approximately $24,000 to discharge the IRS lien. The first mortgage has since been foreclosed, and the property sold. Plaintiffs' motion to amend the complaint seeks to add a claim that the conveyance of the deed was void for "failure to consideration" and should be set aside. Additionally, plaintiffs' initial cross-claims include a contention that FmHA improperly released a mortgage interest in the East Meadow property, and a request for damages in the amount of $14,119.00.

The remaining claims by the plaintiffs stem from a caretaker's agreement and lease between defendant and Richard T. Girards allowing Girards to occupy, care for, and run a business from the Mattituck property. Girards asserts that defendant interfered with his performance of and improperly terminated the caretaker's agreement, and he seeks $100,000 in damages. Additionally, Girards contends that defendant improperly terminated the lease arrangement.

■ Addressing the issue of the lease termination, defendant now seeks summary judgment that this claim is moot. By its terms, the lease could be terminated upon thirty days notice by either party, and it fully expired on April 15, 1981. Additionally, the lease was nonrenewable. The cross-claim sought to enjoin defendant "from terminating the lease of the premises prior to April 15, 1981," and to order that necessary repairs be made on the property. Clearly, the relief sought by this claim can no longer be granted. Moreover, Girards has no further rights under the lease, and he has offered no other reason why he should be allowed to remain on the property. Accordingly, defendant's motion for summary judgment is granted, F.R.Civ.P. 56(c), and Girards is ordered to vacate the property.

■ Defendant also seeks dismissal of the remainder of plaintiffs' claims because this court lacks subject matter jurisdiction. FmHA is an agency of the United States, and plaintiffs' claims all arise from contractual relationships and all seek damages against the United States in excess of $10,000. This court lacks subject matter jurisdiction over such claims, which can be brought only in the United States Claims Court pursuant to 28 U.S.C. § 1346(a)(2). *See, e.g., Rodriguez v. United States Parole Commission,* 594 F.2d 170, 180 (7th Cir. 1979); *Putnam Mills Corp. v. United States,* 432 F.2d 553, 554 (2d Cir.1970).

Plaintiffs have moved, however, to amend the complaint to add a claim seeking to void the conveyance, and they contend that such a claim would reflect the essentially equitable nature of this action. By casting this case as one in equity, they argue that this court should retain jurisdiction.

Preliminarily, no reason exists to deny plaintiffs' motion to amend the complaint. The challenged conveyance is central to issues already in the case, and the original plaintiff had raised a similar claim seeking to void the deed. Defendant does not seriously oppose this motion, but instead responds that this claim does not alter the jurisdictional flaw in this action. The court agrees.

The amended claim seeks relief by its nature incidental to the contractual claims. Jurisdiction to provide such relief exists, if anywhere, with the court that has jurisdiction over the basic contract action, in this instance the Claims Court. 28 U.S.C. § 1491(a)(3); *see, e.g., Chelsea Community Hospital v. Michigan Blue Cross Association,* 630 F.2d 1131, 1136 (6th Cir.1980); *Pauley Petroleum Inc. v. United States,* 591 F.2d 1308, 1314–16 (Ct.Cl.), *cert. denied,* 444 U.S. 898, 100 S.Ct. 206, 62 L.Ed.2d 133 (1979). Notably, the United States has not waived its sovereign immunity from suits seeking equitable relief, *Lee v. Thornton,* 420 U.S. 139, 140, 95 S.Ct. 853, 854, 43 L.Ed.2d 85 (1975); *Werner v. United States Department of Interior, Fish and Wildlife Service,* 581 F.2d 168, 171 (8th Cir.1978), and if this action were wholly equitable in

nature, the court would still be compelled to dismiss it.

Plaintiffs have also requested that, in the alternative, this action be transferred to the Claims Court. When a federal court finds that jurisdiction over a particular action lies exclusively in another court, 28 U.S.C. § 1631 directs that

> "the court shall, if it is in the interests of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed in or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

When plaintiffs originally raised the claims which remain in this action, plaintiffs and defendant were co-defendants in an action properly before this court. The jurisdictional error made in raising the cross-claims here was inadvertent. Moreover, almost three years have elapsed since plaintiffs' present claims were first raised, and much of that time was spent resolving the claims of the original plaintiffs. The interests of justice are well served by ordering this action transferred to the Claims Court in accordance with the provisions of § 1631.

SO ORDERED.