**TRAVELERS INDEMNITY COMPANY, Plaintiff,**

v.

**UNITED STATES of America, and Veterans Administration, Defendants.**

**Civ. A. No. C83–982A.**

United States District Court, N.D. Georgia, Atlanta Division.

July 12, 1984.

Bryan F. Dorsey, Oliver Dickins, Jr. & Asso., Atlanta, Ga., for plaintiff.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This declaratory judgment action is presently before the court on defendants' motion to dismiss and plaintiff's motion for leave to amend its complaint.

## FACTS

This factual summary is taken from the allegations in plaintiff's complaint, which are taken as true for the purposes of a motion to dismiss. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

On March 19, 1980, plaintiff, Travelers Indemnity Company ("Travelers"), insured Teresa Sweat for automobile liability, including no-fault coverage. Lawrence Sweat is a member of Ms. Sweat's family who resided in the same household with her (or was married to her). On March 19, 1980, Mr. Sweat was involved in an automobile accident. The Veterans Administration ("VA") Hospital provided Mr. Sweat with medical treatment for the injuries he received in the accident.

According to plaintiff, Mr. Sweat incurred no expenses in relation to the treatment at the VA Hospital because the hospital was obligated to give him free medical care as he was a serviceman or ex-serviceman. Mr. Sweat also sought treatment from private physicians. He submitted claims for these expenses to Travelers who paid these claims.

The VA Hospital has now demanded payment from Travelers for the amount expended in treatment of Mr. Sweat, $1,841. Plaintiff's position in regard to this demand is that it is not liable to the VA Hospital. Plaintiff contends that Mr. Sweat's no-fault insurance only covers expenses incurred by the insured and that Mr. Sweat incurred no expense for his treatment at the VA Hospital. For this reason plaintiff seeks a declaratory judgment that it is not liable to pay no-fault benefits to defendants.

As the basis for federal jurisdiction plaintiff initially relied upon 28 U.S.C. § 1346(a)(2). Defendants moved to dismiss the action for lack of subject matter juris-

diction. Plaintiff subsequently filed for leave to amend its complaint to allege additional bases of jurisdiction, specifically 28 U.S.C. §§ 1331, 1345, and 2201; plaintiff also included a reference to 5 U.S.C. § 702 as providing a waiver of sovereign immunity. Upon direction by the court, the parties filed additional briefing on the complex jurisdictional questions raised by this case. The court will now decide these issues.

## DISCUSSION

### I.  *Amendment*

Rule 15(a) of the Federal Rules of Civil Procedure clearly sets a liberal standard for granting leave to amend—it shall be "freely given when justice so requires." However, as discussed below, the court concludes that none of plaintiff's proffered bases supports federal jurisdiction. Even as amended, plaintiff's complaint would be subject to dismissal; leave to amend is therefore DENIED as it would be futile. *See Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

### II.  *Jurisdiction*

The complexity of the jurisdictional issues arises from the fact that the defendants in this case are the United States and an agency thereof, the VA. Unless sovereign immunity has been waived, this court is without jurisdiction over these defendants. *Lehman v. Nakshian*, 453 U.S. 156, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981). The court will now consider those statutes which plaintiff contends confer jurisdiction on the court.

### A.  *28 U.S.C. § 1346(a)(2)*

By Order dated March 30, 1984, this court made clear the fact that this statutory section, commonly referred to as the Tucker Act, cannot serve as a basis of federal jurisdiction in this action. The Tucker Act grants federal courts jurisdiction over actions for money damages only, not suits seeking declaratory relief. *Lee v. Thornton*, 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975).

### B. *5 U.S.C. § 702*

■ The Administrative Procedure Act, 5 U.S.C. §§ 551–559 and 701 *et seq.*, provides that "(a) person suffering legal wrong because of agency action, or adversely affected by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." *Id.* at § 702. By a 1976 amendment to the Act, sovereign immunity has been waived as to those cases which fall within the Act's scope.

By its earlier Order this court indicated that it was not certain that a demand for payment amounted to "agency action" for the purposes of the APA. The parties were directed to address this issue in additional briefs. The court now concludes that such demand does not constitute "agency action." [1]

The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act". 5 U.S.C. § 551(13). Thus rulemaking, adjudication, licensing, and administrative sanctions are clearly "agency action" within the meaning of the APA. However, when an agency commits acts other than those specified in the definition, it is not always clear whether reviewable "agency action" has occurred.

The Supreme Court has not addressed this precise issue, but commentators contend that the Court pointed the way in *International Telephone & Telegraph Corp. v. Local 134*, 419 U.S. 428, 95 S.Ct. 600, 42 L.Ed.2d 558 (1975). This case involved the issue of whether the separation of functions provision of the APA applied to a preliminary proceeding of the National Labor Relations Board. The Court held that even though formal procedures had been used, the preliminary proceeding did not "order anybody to do anything," *id.* at 443, 95 S.Ct. at 610, and therefore was not an "order" under the APA which would trigger the separation of functions provisions. Based on this decision, commentators conclude that "before agency action can be deemed to have occurred, the agency must do something that is binding on the parties." 5 B. Mezines, J. Stein & J. Gruff, *Administrative Law* § 43.01, p. 43–10 (1983). Clearly a demand for payment is not binding on the parties and would not constitute "agency action" under this analysis.

The court hereby adopts the "binding action" definition of "agency action" espoused by Mezines, Stein and Gruff, and holds that the defendants' demand for payment does not constitute "agency action" for purposes of the APA as it is not a final, binding decision. With no "agency action" in this case, the APA does not provide this court with jurisdiction.

### C. *28 U.S.C. § 2201*

■ The Declaratory Judgment Act, 28 U.S.C. § 2201, provides a right to declaratory judgment but does not confer federal subject matter jurisdiction. The normal rule in declaratory judgment actions is that the court must look to the nature of the threatened action to see if federal jurisdiction exists. *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952). If the present parties were reversed the United States, and its agency, would become the plaintiffs and federal jurisdiction would exist pursuant to 28 U.S.C. § 1345, which confers jurisdiction on federal courts in cases in which the United States is plaintiff. However, as stated in the earlier order, if plaintiff were allowed jurisdiction based on this "flip-flop" of parties, the doctrine of sovereign immunity would be rendered meaningless. Plaintiff must still assert some waiver of sovereign immunity.

Plaintiff states that "it is questionable whether the doctrine of sovereign immunity applies at all to the plaintiff's claim"

---

1. To even reach the question of whether the defendants' acts constitute "agency action," the court is assuming *arguendo* that plaintiff has suffered a legal wrong or has been adversely affected by defendants' demand. Defendants have made a persuasive argument that such is not the case, but the court need not reach this issue.

**628**

because, plaintiff contends, it is neither forcing the expenditure of public funds nor constraining the action of public officers. (Plaintiff's Response, p. 2). This court disagrees. Plaintiff seeks to have the court declare that it is not liable to the defendants. Such declaration, if valid, would prevent the government from bringing suit to recover the amount in question. This court lacks the power to do such; as the Supreme Court has stated:

> It is argued that the principle of sovereign immunity is an archaic hangover not consonant with modern morality and that it should therefore be limited whenever possible. There may be substance in such a viewpoint as applied to suits for damages.... [But it] is a far different matter to permit a court to exercise its compulsive powers to restrain the Government from acting, or to compel it to act. There are the strongest reasons of public policy for the rule that such relief cannot be had against the sovereign. The Government as representatives of the community as a whole, cannot be stopped in its tracks by any plaintiff who presents a disputed question of property or contract right.

*Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 703–704, 69 S.Ct. 1457, 1468, 93 L.Ed.2d 1628 (1949).

As the defendants have not waived their sovereign immunity, the court finds no basis for jurisdiction of an action under 28 U.S.C. § 2201.

**CONCLUSION**

None of plaintiff's asserted bases provides federal subject matter jurisdiction and the action must be DISMISSED. Plaintiff will have a chance to litigate the interpretation of the insurance contract when, and if, defendants institute suit to recover payment.

In summary, the court:

1) DENIES plaintiff's motion for leave to amend, and

2) GRANTS defendants motion to dismiss.