Plecidio **MANFREDINI**, Plaintiff,

v.

Gordon **RUTH**, Regional Commissioner of the Immigration and Naturalization Service of the United States Department of Justice, and as Custodian of a Certain 1982 Toyota, Vehicle Identification Number: JT4RN48D9C0039987, Defendant.

No. 85 C 4887.

United States District Court, N.D. Illinois, E.D.

Nov. 22, 1985.

Thomas R. Nash, Chicago, Ill., for plaintiff.

Jack Penca, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Plecidio Manfredini ("Manfredini") brought this action to recover a truck used in his landscaping business from defendant Gordon Ruth ("Ruth"), Regional Commissioner of the U.S. Immigration and Naturalization Service. Ruth has moved to dismiss for lack of subject matter jurisdiction. For the reasons stated below, his motion to dismiss is granted.

On April 23, 1985, agents of the Immigration and Naturalization Service ("INS") seized a 1982 Toyota truck owned by Manfredini for use in his landscaping business. Just before this seizure, the truck was being driven by Manfredini's son with passenger Jesus Garcia, an employee of the plaintiff. At a storage site for landscaping materials used in plaintiff's business, the INS seized individuals who were alleged to be illegal aliens and took control of plaintiff's truck. Apparently, the INS agents suspected Garcia was an illegal alien and seized the truck pursuant to a federal statutory provision authorizing the seizure of vehicles used to illegally transport aliens. *See* 8 U.S.C. § 1324(b) (1982). Manfredini denies that the truck was ever used to transport illegal aliens and claims that his son and Garcia were in transit for the purposes of the landscaping business only.

As required by federal regulations regarding INS vehicle seizures, 8 C.F.R. § 274.8 (1984), INS agent Robert Magidson ("Magidson") sent written notice to Manfredini indicating the basis for the seizure, including copies of the relevant regulations governing the administrative forfeiture proceedings. Also included was a notice of a statutory change indicating that the amount of the bond required to be filed in conjunction with any administrative claim had been increased from $250 to the lesser of $2,500 or ten percent of the vehicle's appraised value.

There are factual disputes regarding the various attempts made by plaintiff's counsel Thomas Nash ("Nash") to follow the

appropriate administrative procedures to prevent a summary forfeiture and force the government to initiate judicial forfeiture. Nash claims that he made repeated attempts in good faith to comply with the regulations. He visited the INS offices on at least three occasions in an attempt to file the administrative claim and bond required by 8 C.F.R. § 274.10 (1984); 50 Fed. Reg. 7575 (1985). On May 7, 1985, Nash sent a letter and a $500 certified check to the INS seizure office. The letter clearly indicated that Nash and his client wanted to have judicial forfeiture proceedings initiated. He had also requested in the letter that the INS inform him of any other requirements necessary to adequately comply with the regulations. He earlier had visited the INS offices on May 1, 1985, and spoke with Agent Robert Magidson regarding the vehicle seizure. Nash claims in an affidavit submitted to the Court that he does not recall Agent Magidson mentioning the appraisal value of $5,875 for the seized vehicle. However, defendant submitted Agent Magidson's affidavit which states that on May 1, 1985, Agent Magidson personally informed Nash that the appraised blue book value of the vehicle was $5,875, and that a bond of ten percent of that amount was required before judicial forfeiture would be initiated.

Defendant Ruth has moved to dismiss this case under Fed.R.Civ.P. 12(b)(1), claiming that the Court lacks subject matter jurisdiction over this dispute. We agree. Plaintiff Manfredini has not asserted a sufficient basis for this Court to exercise subject matter jurisdiction over the present dispute. In his complaint, plaintiff asserts that this action was brought under 8 U.S.C. § 1324(b)(3) (1982) [1] and 8 C.F.R. § 274.10 (1984) (modified by 50 Fed.Reg. 7575 (1985)).[2] However, neither of these provisions creates a cause of action for a person who claims a wrongful seizure of his or her vehicle by the INS. The cited statutory provision merely directs that all provisions of law regarding vehicle seizures and forfeitures under the federal customs laws are equally applicable to seizures and forfeitures under the immigra-

---

1. That provision states:
   All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for the violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims and the award of compensation to informers in respect of such forfeitures shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under the provisions of this section, insofar as applicable and not inconsistent with the provisions hereof, except that duties imposed on customs officers or other persons regarding the seizure and forfeiture of conveyances under the customs laws shall be performed with respect to seizures and forfeitures carried out under the provisions of this section by such officers or persons authorized for that purpose by the Attorney General.

2. That provision states:
   (a) Any person claiming ownership of a seized conveyance may obtain judicial review by filing a claim within 20 days of the date of first publication of the notice of seizure, alleging that the conveyance was improperly seized, and posting bond to cover all the costs and expenses of the proceedings if forfeiture is denied. The bond in the sum of the lesser of $2,500 or ten percent of the value of the property, but in no event less that [sic] $250 must be in cash, certified check, or on Form I-637 (Bond of Claimant of Seized Conveyance for Costs of Court), if the surety is approved by the regional commissioner. The bond must be made payable to the Immigration and Naturalization Service and will be maintained in the custody of the regional commissioner. The regional commissioner may waive the bond requirement in the manner provided by *Waiver of fees* in § 103.-7(c)(1) of this chapter.
   (b) The regional commissioner shall transmit the claim, notice that a satisfactory surety has been accepted, and provide a description of the facts and circumstances of the seizure to the United States Attorney for the judicial district in which the seizure was made, for forfeiture proceedings on the vehicle in the manner prescribed by law.
   (c) The filing of a claim and the posting of bond does not entitle the claimant to possession of the vehicle but does stop the summary forfeiture proceedings. Upon conclusion of the action, the regional commissioner shall disburse the money to pay costs up to the amount of the bond and shall return any additional sum to the obligor.
   *See* 8 C.F.R. § 274.10 (1984); 50 Fed.Reg. 7575 (1985).

tion laws. The cited regulation merely sets forth the procedures by which the owner of a seized vehicle can forestall summary forfeiture of his or her vehicle and require the government to file judicial forfeiture proceedings.

■ If a vehicle owner files a claim and bond under 8 C.F.R. § 274.10, the vehicle is protected from summary administrative forfeiture. The regulation proscribes that upon receipt of the claim and bond, the regional commissioner of the INS, defendant Ruth in this case, must transmit the claim to the United States Attorney. Thereafter, the United States Attorney must initiate judicial forfeiture proceedings "in the manner prescribed by law." 8 C.F.R. § 274.10(b). *See* 50 Fed.Reg. 7575 (1985). That manner is described at 8 U.S.C. § 1324(b)(5) (1982).[3] Under the statute, the government must demonstrate probable cause for the forfeiture, after which the burden shifts to the claimant to prove that the vehicle was not used in violation of § 1324. However, it is the government which must initiate the judicial forfeiture proceedings in federal court, not the owner of the vehicle.

■ The plaintiff's plea that 28 U.S.C. § 1346(a)(2) (1982)[4] establishes jurisdiction is incorrect. It is clear that jurisdiction under that statute is appropriate only where the plaintiff is seeking damages against the United States and not, as here, where purely injunctive relief is sought. *Lee v. Thornton*, 420 U.S. 139, 140, 95 S.Ct. 853, 854, 43 L.Ed.2d 85 (1975); *Willis v. United States*, 600 F.Supp. 1407, 1412 (N.D.Ill.1985). Furthermore, this case was not filed as a mandamus action to require the United States Attorney to initiate the forfeiture proceedings in the district court or to require defendant to return the plaintiff's truck.

We note that a substantial part of the papers filed in this case deal with the question of whether or not plaintiff's counsel Nash adequately complied with the claim and bond requirement in order to protect plaintiff's truck from summary forfeiture. Nash has argued that he made good faith efforts to comply with the relevant administrative regulations but that INS employees prevented him from doing so. Furthermore, there is an ongoing dispute regarding whether Nash was adequately informed of the required bond amount.

3. That provision states:

(5) In all suits or actions brought for the forfeiture of any conveyance seized under this section, where the conveyance is claimed by any person, the burden of proof shall lie upon such claimant: *Provided,* That probable cause shall be first shown for the institution of such suit or action. In determining whether probable cause exists, any of the following shall be prima facie evidence that an alien involved in the alleged violation was not lawfully entitled to enter, or reside within, the United States:
(A) Records of any judicial or administrative proceeding in which that alien's status was an issue and in which it was determined that the alien was not lawfully entitled to enter, or reside within, the United States.
(B) Official records of the Service showing that the alien was not lawfully entitled to enter, or reside within, the United States.
(C) Testimony, by an immigration officer having personal knowledge of the facts concerning that alien's status, that the alien was not entitled to enter, or reside within, the United States.

4. That provision states:

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims Court, of:

*   *   *   *   *   *

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

There is no question that Nash was on notice that a ten percent bond was necessary, but there is a question concerning the appraised value from which the ten percent was to be measured. We do not need to decide here whether the May 7, 1985 letter sent by Nash to the INS was sufficient to constitute a "claim" under 8 C.F.R. § 274.-10, although we assume that it was adequate to preserve his client's rights. Furthermore, the dispute over the bond amount is a matter to be resolved by the parties, although we feel the prudent course for all involved would be to allow plaintiff to file an additional bond at this point and allow matters to proceed as they should have from the inception of this entire chain of events.

### Conclusion

The defendant's motion to dismiss this action under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction is hereby granted.[5] It is so ordered.

---

**5.** Plaintiff has moved for summary judgment. However, because we grant Ruth's motion to dismiss, we need not decide plaintiff's motion, which, in any event, would not likely be successful because of the underlying disputed facts.