Enrique **ALVAREZ RICARDO, d/b/a Alvarez Esso Service Station, Plaintiff,**

v.

Antonio E. **MEDINA, et al., Defendants.**

**Civ. No. 85–0340(PG).**

United States District Court, D. Puerto Rico.

Dec. 9, 1985.

Oswald Evan Perkins, Santurce, P.R., for plaintiff.

Frederick R. Auld, San Juan, P.R., Osvaldo Carlo Linares, Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The instant case was originally filed in the Superior Court of the Commonwealth of Puerto Rico, Carolina Part. Upon petition filed by the United States on February 8, 1985, the same was removed to this Court under 28 U.S.C. §§ 1346, 1441, 1442(a)(1), and 1446.

Plaintiff herein does business in the town of Carolina, Puerto Rico, as Alvarez Esso Service Station. The complaint alleges that

business profits have been cut off due to lack of access to Puerto Rico Highway No. 3 as a result of a series of structural changes being carried on said highway. Plaintiff claims that the project is carried out with combined state and federal funds and that the regulations and norms of the Federal Highway Administration are applicable to the project.

On March 4, 1985, defendant Commonwealth of Puerto Rico filed a motion praying for the dismissal of the action for lack of subject matter jurisdiction. The motion was grounded on the allegation that the Commonwealth is immune from suit under the Eleventh Amendment, as well as under the doctrine of sovereign immunity. On March 13, 1985, plaintiff opposed the motion stating that dismissal is not a correct solution.[1]

The government's motion and plaintiff's opposition thereto were referred to the U.S. Magistrate on March 19, 1985. A report and recommendation was rendered on April 26, 1985, which plaintiff opposed on May 9, 1985.[2]

█ As stated in the Magistrate's Report and Recommendation, there is no jurisdiction in this Court as to the Commonwealth of Puerto Rico. The Commonwealth of Puerto Rico enjoys sovereign immunity and cannot be sued without its consent. 32 L.P.R.A. § 3077. *Ezratty v. Commonwealth of Puerto Rico,* 648 F.2d 770, 776 (1st Cir.1981); *Litton Industries, Inc. v. Colón,* 587 F.2d 70, 74 (1st Cir.1978). Therefore, the Magistrate's Report and Recommendation is hereby adopted and approved.

Thereafter, on April 17, 1985, a motion to dismiss was filed by the federal co-defendants. Plaintiff opposed this motion on May 8, 1985.

---

1. Plaintiff alleged that a request to drop a party under Fed.R.Civ.P. 21 had been submitted to drop the Commonwealth Government.

2. Although plaintiff submits in his opposition to the Magistrate's Report and Recommendation that the Commonwealth should be dropped as a party in order to preserve jurisdiction, plaintiff requests that co-defendant Antonio E. Medina

remain in the action. However, on August 22, 1985, an informative motion was filed notifying that Antonio E. Medina was included in the action while he was acting as Executive Director of the Puerto Rico Highways Authority but that as of June 3, 1985, Germán Landrau Arroyo has been designated as the Executive Director of the Puerto Rico Highways Authority.

Turning to the motion to dismiss filed by the federal co-defendants, the same advances the argument that in order to be sued under the Federal Tort Claims Act (FTCA) plaintiff is required to present an administrative claim to the responsible federal agency prior to the initiation of the suit, and that under 28 U.S.C. § 2675(a) this is a jurisdictional requirement.

The federal defendants further aver that as a matter of fact plaintiff did not file the required administrative claim with the pertinent federal agency. It is finally alleged that federal agencies may not be sued *eo nomine*.

In his opposition thereto, plaintiff alleges that the suit has not been filed against the federal agency *eo nomine*, but instead, against the United States and the federal agency. He alleges that under 28 U.S.C. § 1346(a)(2) the United States is suable without regards to prior consent. Plaintiff further contends that this is not an action for damages.

We agree with plaintiff's contention to the extent that jurisdiction has not been invoked under the FTCA, 28 U.S.C. § 2671, et seq., and that the government's arguments stemming therefrom are inapplicable to this case.

Rather, the complaint reveals that plaintiff has invoked jurisdiction over the United States under 28 U.S.C. § 1346(a)(2) and that no claim for damages has been made from the federal defendants. On this extreme we note that in the amended complaint filed with this Court on March 13, 1985, plaintiff alleged that as a result of the acts complained of "plaintiff is being damaged in an amount calculated at $2,000.00 per day from February 26, 1985 and at $900,000.00 gross volume income per year this ensuing 1985." (Amended complaint, paragraph 8). In the prayer therein plaintiff requests that judgment be entered against defendant Antonio E. Medina, ordering him to pay plaintiff the damages caused at the rate of $2,000.00 per day to a maximum of no less than $900,-000.00 per year and reasonable attorney's fees. Damages are solely sought from the state officer defendant. However, in a prior amended complaint filed on March 7, 1985, plaintiff requested judgment in said amount against *all the defendants.*

■ Although plaintiff amended the complaint and excluded the claim of damages against federal co-defendants on March 13, 1985, while he avoided the limitations set forth by the Federal Tort Claims Act, jurisdiction under the Tucker Act has not been met. The tactic to evade the Federal Tort Claims Act also renders the Court without jurisdiction under the Tucker Act. *Portsmouth Redevelopment & Housing Auth. v. Pierce,* 706 F.2d 471 (4th Cir.), *cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983); *Alamo Navajo School Board, Inc. v. Andrus,* 664 F.2d 229, 233 (10th Cir.1981), *cert. denied,* 464 U.S. 963, 102 S.Ct. 2041, 72 L.Ed.2d 487 (1982).

Plaintiff invokes jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2). This section gives district courts concurrent jurisdiction with the Court of Claims over all civil actions or claims *seeking damages* of $10,000 or less. *Army v. Air Force Exchange Service v. Sheehan,* 456 U.S. 728, 734 n. 5, 102 S.Ct. 2118, 2122 n. 5, 72 L.Ed.2d 520 (1982). Section 1 of the Tucker Act, 28 U.S.C. § 1346(a)(2) provides in pertinent part:

> The district courts shall have original jurisdiction concurrent with the Court of Claims of:
>
> \* \* \* \* \* \*
>
> (2) Any other civil action or claim against the United States not exceeding $10,000 in amount founded in either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Under the Tucker Act the jurisdiction of a district court has long been construed as limited to actions for money judgments. *Werner v. U.S. Department of Interior, Fish & Wildlife,* 581 F.2d 168, 171 (8th

Cir.1978). Thus, the jurisdictional reliance upon 28 U.S.C. § 1346(a)(2) is misplaced. *Richardson v. Morris,* 409 U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973); *Alberio v. Hampton,* 433 F.Supp. 447, 449 f.n. 1 (D.P.R.1977); *Wham v. United States,* 458 F.Supp. 147, 150 (S.Carolina 1970).

It has been held that when exercising jurisdiction under 28 U.S.C. § 1346(a)(2) a district court is not only limited to awarding damages, but is devoid of equitable powers and cannot grant injunctive relief. *Lee v. Thorton,* 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975); *Bakersfield City School District of Kern County v. Byer,* 610 F.2d 621, 628 (9th Cir.1979); *Meladure Corp. v. United States,* 490 F.Supp. 1368 (S.D.N.Y.1980); *Trammel v. Callaway,* 415 F.Supp. 212, 214 (N.D.Miss.1976); *Accord- Gnotta v. U.S.,* 415 F.2d 1271 (8th Cir. 1969), *cert. denied,* 397 U.S. 934, 90 S.Ct. 941, 25 L.Ed.2d 115 (1970); *Ostree v. Aron- wall,* 434 F.Supp. 379, 382 (S.D.N.Y.), *aff'd,* 567 F.2d 551 (1977).

We reject jurisdiction under the Tucker Act in the instant case. *McKay v. United States,* 703 F.2d 464, 470 (10th Cir. 1983). Not every claim invoking the Constitution, a federal statute or regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States and the claimant must demonstrate that the source of substantive law relied upon can be interpreted as mandating compensation by the federal government for the damages sustained. *United States v. Mitchell,* 463 U.S. 206, 209, 103 S.Ct. 2961, 2964, 77 L.Ed.2d 580 (1983).

WHEREFORE, in view of the foregoing, the motion to dismiss filed by the Commonwealth of Puerto Rico is hereby GRANTED; and the action is DISMISSED as to the federal co-defendants for the reasons stated herein. The case is REMANDED to the state court. Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2nd, § 3739 at 585–586.

IT IS SO ORDERED.