In re **BOSTON SHIPYARD CORPORATION.**

**FIREMAN'S FUND INSURANCE COMPANY, Plaintiff,**

v.

**UNITED STATES of America and Boston Shipyard Corporation, Defendants.**

Bankruptcy No. 84–1335–HL.
Adv. No. A87–1041.

United States Bankruptcy Court, D. Massachusetts.

May 11, 1987.

MEMORANDUM ON DEFENDANTS'
MOTION TO DISMISS

HAROLD LAVIEN, Bankruptcy Judge.

Fireman's Fund Insurance Company was the performance bond surety on a contract between the debtor, Boston Shipyard Corporation (hereafter, "BSC") and the Panama Canal Commission, (hereafter, "PCC") for the construction of a tugboat. In January, 1987, BSC and the PCC requested this Court to approve a settlement under which the PCC would pay BSC $1,045,000 on claims unrelated to the tugboat litigation. As part of the settlement, the PCC agreed not to exercise any right of setoff it had against BSC. Fireman's Fund objected to the settlement on the ground that the agreement purported to bind Fireman's Fund by preventing it from compelling the PCC to exercise its right to setoff. The Court approved the settlement without prejudice to Fireman's Fund's rights. No appeal was taken by any party to the settlement or the Court's approval and the time for appeal has expired.

In March, 1987, Fireman's Fund commenced an adversary proceeding against PCC and BSC to compel the PCC to exercise its right of setoff or, in the alternative, if PCC elects not to exercise its right of setoff, to declare that it has waived its rights against Fireman's Fund under the bond. The PCC has elected to make the payment to BSC. Thus, that portion of Fireman's Fund's complaint which sought to compel setoff is moot. The only matter still before this Court is Fireman's Fund's request for a declaratory judgment on waiver.

The PCC has moved to dismiss Fireman's Fund's complaint on two grounds. First, the PCC claims that it has not waived sovereign immunity. Second, it claims that this Court does not have jurisdiction over this matter and BSC moves to dismiss on the grounds that this dispute does not effect the estate but, rather, is a dispute between third parties and, as a result, the bankruptcy court has no jurisdiction. In any event, BSC asserts should be dismissed

Hertz N. Henkoff, Barron & Stadfeld, Boston, Mass., for debtor.

Kenneth Oestreicher, Civ. Div., Dept. of Justice, Washington, D.C., Joseph S. Ackerstein, Asst. U.S. Atty., Robert S. Mueller, III, U.S. Atty., Boston, Mass., Richard K. Willard, Asst. Atty. Gen., for Government.

Paul R. Devin, Peabody & Arnold, Boston, Mass., for Fireman's Fund.

against it since no relief is sought against it.

■ The complaint seeks a declaratory judgment of what may be a mere academic exercise involving no bankruptcy law but, rather, state or federal law effecting the potential release or waiver of the surety. A case or controversy will arise only when and if the government brings an action to recover on Fireman's performance bond. In which event, the debtor would be obligated to either the government or the surety, but not to both, so that it is immaterial which prevails. Fireman argues that if it is compelled to await a suit by the government and defend on the basis of its waiver defense and win, the debtor estate will incur larger attorney fees. The argument is specious. The issue of waiver is a legal argument as in this case the facts are undisputed. The cost of briefing and arguing should be the same, whether brought in this court or another. However, if decided in this court, the estate would bear the increased cost associated with the question of the courts jurisdiction as well as other appellate issues. In fact, were the proceeding to be retained here, it might well cost the estate more because of the participation of debtor's counsel.

Bankruptcy jurisdiction is designed to provide a single forum for dealing with all claims to debtor's assets and it extends no further than its purpose. The sine qua non is the effect of the dispute on the estate and not the relationship of the parties. *Matter of Xonics, Inc.*, 813 F.2d 127 (7th Cir.1987); *In re Salem Mortg. Co.*, 783 F.2d 626 (6th Cir.1986); *In re Lafayette Radio Electronics Corp.*, 761 F.2d 84 (2d Cir.1985). Fireman's Fund cites the recent First Circuit case of *In re Arnold Printworks*, 815 F.2d 165 (1st Cir.1987); however, nothing in that case is inconsistent with the principle that the bankruptcy court is one of limited jurisdiction and that jurisdiction does not extend to enforced jurisdiction of third parties whose dispute does not affect the assets of the estate.

The motion of BSC to dismiss the proceeding is allowed without prejudice. The Court expresses no judgment on the waiver issue which Fireman's Fund is free to assert in defending any claim on its bond when and if the same is instituted by the government.

Since the parties have argued and briefed the issues, I briefly point out that Fireman's Fund's proceeding is not only premature, but that the cases it cites as to its right to a declaratory judgment against the government are inapposite. There is no agency action to be appealed. Whether there is a waiver of its surety contract would not appear to be an agency action as defined in 5 U.S.C. § 702, *See, Spectrum Leasing Corp. v. United States*, 764 F.2d 891 (D.C.Cir.1985). Certainly, this Court's action in approving the settlement of a law suit is not an agency action under 5 U.S.C. § 702 of the Administrative Procedure Act and cannot be attached collaterally. In fact, Section 701(b)(1)(B) expressly excludes jurisdiction over decision of courts of the United States. The settlement of a law suit is not an agency action. It also should be noted that Section 704 limits the use of the Administrative Procedure Act to situations where there is no other adequate remedy in a court. Of course, that is just the point. When and if the government seeks to require payment on the bond, the defense of waiver could appropriately be raised. Further, it is noted that in the Supplemental Memorandum of Fireman's Fund, it recognizes the availability of legal remedy in the district court under 28 U.S.C. § 1352. Since it has an adequate legal remedy, the Administrative Procedure Act does not apply. *American Science & Engineering, Inc. v. Califano*, 571 F.2d 58 (1st Cir.1978).

■ Further, even assuming a case and controversy presently exists, declaratory judgment on a contract claim cannot be maintained against the government without its express consent. 6A Moore's Federal Practice § 57.21(1); *Lee v. Thornton*, 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975); *Automobile Retailers of America, Inc. v. Ruppert*, 269 F.Supp. 588 (S.D.Iowa 1967); *Mims v. United States*, 324 F.Supp. 489 (W.D.Va.1971).

■ Fireman's claims the government waived sovereign immunity when it filed a proof of claim. To the extent that its filing can be considered a waiver or consent, the same must be strictly construed and would apply only to the debtor or trustee and not third parties since a waiver of sovereign immunity must be express and cannot be implied. *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

■ Should it be determined that the bankruptcy court could exercise jurisdiction as a related matter under 28 U.S.C. § 157(c)(1), then, since there are no bankruptcy issues involved concerning which it might claim a special expertise, in the interest of judicial economy and for all of the reasons delineated, the Court declines to exercise that discretion and abstains under 11 U.S.C. § 305(a)(1). *See, also,* 28 U.S.C. §§ 157(d) and 1334(c)(1).