**Brenda I. RAMOS–VELEZ, Plaintiff,**

v.

**U.S. DEPARTMENT OF JUSTICE, OFFICE OF JUSTICE PROGRAMS, Bureau of Justice Assistance, Public Safety Officers' Benefits Program, Defendants.**

**Civ. No. 93–1004CCC.**

United States District Court,
D. Puerto Rico.

July 16, 1993.

José Ramos–Ortiz, Carolina, PR, for plaintiff.

Daniel F. López–Romo, U.S. Atty. by María Hortensia Ríos–Gándara, Asst. U.S. Atty., Hato Rey, PR, for defendants.

## ORDER

CEREZO, District Judge.

The Court must determine whether it should dismiss rather than transfer to the U.S. Court of Federal Claims, pursuant to 28 U.S.C. § 1631, plaintiff's petition for review of a final order by the Bureau of Justice Assistance (BJA) denying a claim for survivor's death benefits under the Public Safety Officers' Benefits Act (PSOB), 42 U.S.C. § 3796, *et seq.* The salient facts are as follows:

On April 16, 1993, defendant filed a Motion to Dismiss plaintiff's request for judicial review of the BJA's denial of benefits under the PSOB Act **(docket entry 4).** It contended that the U.S. Court of Federal Claims had exclusive jurisdiction to review denials of PSOB claims under 28 U.S.C. § 1491. Further, it alleged that since the filing period for the action under consideration had not expired, the Court should dismiss the case and plaintiff should refile the claim in the proper court.

On April 27, 1993, the plaintiff filed a reply to defendants' Motion to Dismiss **(docket entry 6).** She conceded that the Court lacked jurisdiction but understood it improper to dismiss the case. She alleged that pursuant to 28 U.S.C. § 1631, the case should be transferred to the appropriate court "in the interest of justice."

On May 7, 1993, defendant submitted a motion requesting leave to reply to plaintiff's opposition to its motion to dismiss, restating that dismissal of the case was the proper action to follow.

Under 28 U.S.C. § 1631, whenever there is a want of jurisdiction in the court where a petition for review of administrative

action is originally filed, "if it is in the interest of justice," the court shall transfer the action to the appropriate court if the filing period had not expired on the day the case was filed. It is undisputed that the court where the action was originally filed lacked jurisdiction, and that on the date the action was filed, the U.S. Court of Federal Claims could have heard the case. Therefore, the issue under consideration is whether the Court should dismiss or transfer the case to the U.S. Court of Federal Claims pursuant to 28 U.S.C. § 1631.

 · Defendant relies exclusively on the fact that the plaintiff's filing period has not expired, in requesting that the case be dismissed instead of transferred. Under 28 U.S.C. § 1631, it is not imperative that the filing period for the action being considered have expired in order to transfer the case. Other purposes underlying the enactment of section 1631 are to save time, effort, and the expenses of multiple filings. S.Rep.No. 275, 97th Cong., 2d Sess. 96 Stat. 55 (1982), U.S.Code Cong. & Admin.News, 1982, pp. 11, 21.

As a matter of fact, other courts have not restricted themselves to the statutes of limitation when analyzing the "interest of justice" criteria under 28 U.S.C. § 1631; courts have also considered the conduct of the parties and/or the proper administration of the judicial system. In *Hempstead Cty. and Nevada Cty. Project v. U.S.E.P.A.*, 700 F.2d 459, 463 (8th Cir.1983), the Court transferred the case in the interest of justice considering, not only the filing period, but also the fact that the plaintiff had filed the petition in good faith. *See also Valentine Girards v. U.S. Dept. of Agriculture*, 566 F.Supp. 832, 834 (E.D.N.Y.1983). In *Piazza v. Upjohn Co.*, 570 F.Supp. 5, 8 (M.D.La.1983), the Court granted a transfer because the filing period for the case in issue had expired, but stated that Section 1631 of 28 U.S.C. was a "remedial legislation ... plainly designed to minimize burden, delay, and expense for both courts and litigants." In *Wydra v. Law Enforcement Assistance Administration*, 722 F.2d 834, 839-840 (D.C.Cir.1983), the Court decided that although it had no jurisdiction to review a claim under the PSOB Act, the

proper disposition of the case was to transfer it to the U.S. Court of Federal Claims. *See also Tafoya v. U.S. Dept. of Justice, LEAA*, 748 F.2d 1389, 1393 (10th Cir.1984).

Although plaintiff has plenty of time to refile the claim at the U.S. Court of Federal Claims, dismissing this action would be contrary to the purpose of the enactment of 28 U.S.C. § 1631. In order to refile, plaintiff would have to duplicate his efforts to obtain a claim review and pay additional filing fees. Furthermore, the Court would be denying the plaintiff an earlier filing date which could have a negative impact on his action. *Cf. Omega v. U.S.A.*, 9 Cl.Ct. 623, 627-628 (1986), where the Court decided to transfer the action under consideration to the U.S. District Court because plaintiff had sought an injunctive relief from the date of filing and if the district court decided to grant the relief prospectively from such date, plaintiff should receive the benefit of their diligence in pursuing their claim as to the original filing date.

As a general rule, once the jurisdictional question is resolved, case law interpreting section 1631 favors transferring an action rather than dismissing it. Defendant has failed to show a valid reason for dismissing plaintiff's petition for review of the PSOB Act claim denial under 42 U.S.C. § 3796, *et seq.* Therefore, in the interest of justice the case is transferred to the U.S. Court of Federal Claims pursuant to 28 U.S.C. § 1631. Defendant's Motion to Dismiss is DENIED.

SO ORDERED.