**Alfred WRIGHT, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 95 Civ. 5536 (LAK).**

United States District Court,
S.D. New York.

Nov. 3, 1995.

---

Diarmuid White, New York City, for Plaintiff.

Peter T. Gelfman, Assistant United States Attorney, Mary Jo White, United States Attorney, New York City, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff, Alfred Wright, commenced this action to compel the return of nine motor vehicles which have been seized as subject to civil forfeiture by the Internal Revenue Service (IRS). The parties are now before the Court on the government's motion to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted.

### Facts

In September 1994, the IRS seized four motor vehicles in South Carolina and five motor vehicles in New York, pursuant to warrants issued under 18 U.S.C. § 981(b). The warrants were issued on findings of probable cause that plaintiff was involved in illegal gambling, money laundering, and currency transactions and that the purchase of the vehicles had been part of plaintiff's money laundering and currency transaction scheme, in violation of 18 U.S.C. §§ 1956–57, and 31 U.S.C. §§ 5313(a) and 5324(a).

The IRS failed to notify plaintiff of its intent to forfeit the South Carolina vehicles until January 1995, and of its intent to forfeit the New York vehicles until March 1995. In each case plaintiff promptly notified the IRS of his claim to the vehicles and demanded their return. When the IRS had failed to commence forfeiture proceedings by late July 1995, plaintiff filed this action and moved, pursuant to FED.R.CRIM.P. 41(e), for an order directing the return of his vehicles. The complaint maintains that misrepresentations made by the IRS in obtaining the warrants pursuant to which plaintiff's vehicles were

seized render the warrants void and the seizures violations of the Fourth Amendment, and that the IRS's delay in instituting forfeiture proceedings violated plaintiff's Fifth Amendment right not to be deprived of his property without due process of law. On August 14, 1995, one week prior to the return date of the Rule 41(e) motion, the IRS filed a complaint in the United States District Court for the District of South Carolina seeking forfeiture of plaintiff's nine vehicles. In light of the commencement of the South Carolina forfeiture proceedings, this Court denied plaintiff's Rule 41(e) motion for lack of jurisdiction.

## Discussion

The complaint alleges jurisdiction under 28 U.S.C. §§ 1331, 1346 and 1356; Fed. R.Crim.P. 41(e), and the Fourth and Fifth Amendments to the United States Constitution.

■ Section 1346 of Title 28 provides jurisdiction for two principal, and distinct, sorts of actions against the United States. Section 1346(a)(2) (the "Tucker Act") gives the district courts jurisdiction over actions against the United States seeking less than $10,000 in monetary damages. 28 U.S.C. § 1346(a)(2) (1988). Section 1346(b), the Federal Tort Claims Act ("FTCA"), makes the government liable for torts committed by government employees where the government would be liable if it were a private person. 28 U.S.C. § 1346(a) (1988). Both sections, however, authorize actions for money damages only. Lee v. Thornton, 420 U.S. 139, 140, 95 S.Ct. 853, 853, 43 L.Ed.2d 85 (1975) (Tucker Act); Hatahley v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 752, 100 L.Ed. 1065 (1956) (FTCA). Plaintiff's action seeks an order mandating return of his seized property. Since the relief he seeks is equitable, plaintiff cannot avail himself of the jurisdiction granted by Section 1346.

■ Although plaintiff has not raised it, the usual basis for injunctive relief against the United States, 5 U.S.C. § 702 (1988) (the Administrative Procedure Act or "APA"), is also inapplicable here. While the APA both grants jurisdiction to the district courts over, and waives sovereign immunity against, claims by persons who suffer legal wrongs as a result of action by an agency of the United States, it does not create jurisdiction where Congress has provided a specific mechanism for addressing a given claim. Here, plaintiff has a remedy available in the forfeiture proceeding instituted by the government against his vehicles. That remedy is exclusive, and Section 702 therefore does not confer authority to grant relief. 5 U.S.C. § 703 (1988); Estate of Watson v. Blumenthal, 586 F.2d 925, 934 (2d Cir.1978).

■ Plaintiff invokes also 28 U.S.C. § 1356. Section 1356 confers upon district courts "original jurisdiction ... of any seizure under any law of the United States on the land or upon waters not within admiralty and maritime jurisdiction." 28 U.S.C. § 1356 (1988). Despite a history that stretches back to the Judiciary Act of 1789, this section appears seldom to have been used. See Hunsucker v. Phinney, 497 F.2d 29, 35 (5th Cir.1974), cert. denied, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975); 13B Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure: Civil § 3578, at 253–54 (2d ed. 1984). Even if it were taken to create jurisdiction over claims against the United States seeking remission of forfeiture, however, Section 1356 does not contain an express waiver of sovereign immunity. Massie v. Stuhldreher, 935 F.2d 274, 1991 WL 97627, at *1 (9th Cir. 1991) (table decision with unreported opinion appearing in Westlaw); Murray v. United States, 686 F.2d 1320, 1324 (8th Cir.1982), cert. denied, 459 U.S. 1147, 103 S.Ct. 788, 74 L.Ed.2d 994 (1983). The United States is subject to suit only by its consent,[1] which will not be implied if not expressly provided by statute,[2] and its absence is a jurisdictional

---

1. United States v. Shaw, 309 U.S. 495, 500–01, 60 S.Ct. 659, 661–62, 84 L.Ed. 888 (1940); Gardner v. United States, 446 F.2d 1195, 1197 (2d Cir. 1971).

2. United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969); United States v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 23 (2d Cir.1989).

barrier to claims against the United States.[3] Thus the exercise of jurisdiction over plaintiff's claim on the basis of Section 1356 is prohibited by the sovereign immunity of the United States.

■ Plaintiff contends also that jurisdiction is founded on the Fourth and Fifth Amendments to the United States Constitution and 28 U.S.C. § 1331 (1988). The amendments, of course, are silent regarding jurisdiction and do not confer jurisdiction of their own force. The federal question statute provides that the district courts have jurisdiction over claims "arising under the Constitution ... of the United States." 28 U.S.C. § 1331 (1988). Thus the complaint can be read to contend that the federal question statute provides jurisdiction over constitutional tort plaintiff's claims arising under the Fourth and Fifth Amendments. The United States, however, has not waived its sovereign immunity against constitutional tort claims. *Federal Deposit Ins. Corp. v. Meyer*, — U.S. —, —, 114 S.Ct. 996, 1005, 127 L.Ed.2d 308 (1994).[4] In consequence, this theory fails as well[5]

### Conclusion

The Court has ruled previously that the government's filing of a forfeiture proceeding in the District of South Carolina divested the Court of jurisdiction over plaintiff's Rule 41(e) claim. Thus, since the Tucker Act, the FTCA, Section 1356, the federal question statute, and FED.R.CRIM.P. 41(e) provide no basis for jurisdiction over plaintiff's complaint, defendant's motion to dismiss is granted. The Court does not reach the merits of plaintiff's constitutional claims that the government has violated the Due Process Clause by its lengthy delay in commencing forfeiture proceedings against plaintiff's vehi-

cles and the Fourth Amendment prohibition on unreasonable searches and seizures by seizing the vehicles pursuant to defective warrants.

SO ORDERED.

---

**3.** *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Bonanno*, 879 F.2d at 23.

**4.** Nor does the federal question statute waive sovereign immunity. *Sheehan v. Army and Air Force Exchange Serv.*, 619 F.2d 1132, 1139 (5th Cir.1980), *rev'd on other grounds*, 456 U.S. 728, 733 n. 3, 102 S.Ct. 2118, 2121 n. 3, 72 L.Ed.2d 520 (1982).

**5.** The Court notes that this is not a situation where its construction of federal statutes raises concern by denying a colorable constitutional claim access to any judicial forum, since plaintiff may raise his constitutional claims in the pending forfeiture proceeding. *Cf. Webster v. Doe*, 486 U.S. 592, 603–04, 108 S.Ct. 2047, 2053–54, 100 L.Ed.2d 632 (1988) (construction of federal statute that denies judicial forum for colorable constitutional claim raises a "serious constitutional question").